## SMITH v. BRANNAN et als.

A JURY being waived, it is immaterial whether an action under Section 254 of the Practice Act, is an equitable or a legal proceeding.

An executory agreement between a landlord and tenant, that, after the title to the premises is settled, by a suit to be prosecuted by the former against third persons, the tenant may purchase, does not destroy the relation of landlord and tenant.

To maintain a suit to quiet title, by a party in possession, it is enough that he claims under a deed which creates an equitable estate, or even a right of possession.

A deed, recorded January 30th, 1850, by a person acting as Recorder, by virtue of an election by the people, without authority of law, is not properly recorded.

To make the copy of an unrecorded deed evidence, the loss of the original being shown, the testimony of the subscribing witnesses to the deed, if such there be, should be had, at least to the fact of the execution of the paper, unless they are shown to be without the jurisdiction of the Court.

To admit evidence of notice of a prior unrecorded deed, to defeat a subsequent deed, there must first be proof of the prior deed. There can be no notice where there is no title.

Whether the conditions of a deed are complied with or not, is matter between the grantor and grantee, with which third persons have nothing to do.

The fact that the record is erroneous in stating that the parties waived a jury, cannot be shown by an affidavit of the Judge who tried the cause.

It would seem that a party cannot try his cause before a Judge without objection, and, after losing it, complain that the case was not tried by a jury.

APPEAL from the Tenth District.

The complaint avers title and possession in plaintiff, the title being derived from John A. Sutter, who claims under a Mexican grant; that the defendants wrongfully *claim* an *estate* and *interest* in the above described real property, adverse to this plaintiff and his title thereto, and found the same, as the plaintiff is informed and believes to be true, upon a certain pretended conveyance which they allege was executed by the said John A. Sutter, on the twenty-seventh day of July, A. D. 1849, to, etc. which said last-named conveyance has never been recorded, and does not now appear of record in the records of Sutter County; and this plaintiff further avers that he purchased in good faith, and for a valuable consideration, and without notice of the estate or interest claimed and set up by the said defendants to the same, and without notice of the execution of the said pretended conveyance, etc; that said pretended conveyance was without consideration, and upon conditions never performed by the grantees, and was null and void; that defendants' claim to an interest in the property clouds the title of plaintiff and depreciates the value of his estate and interest therein. Complainant prayed that the claim and interest of defendants in the property be " de-

termined and ended," that their claim be barred; that the conveyance from Sutter to them be decreed null and void, and they forever enjoined from asserting any right or claim to the premises. Brannan, alone, answered, denying generally, these allegations, and setting up title from Sutter, as aforesaid.

The conditions of the deed from Sutter to Robinson and others in July, 1850, were: 1st. That the grantees should sustain the labor and expense of litigating the right of the grantor to the premises. 2d. Pay to him (Sutter) one-sixth of the proceeds as parcels of the land were sold from time to time; and, 3d. Convey to the wife of Sutter Hock Farm.

In the two deeds from Robinson, McDougall, Mesick & Gillespie, to McCorkle, the condition is, that the sum of six thousand dollars in one case, and ten dollars per acre in the other, shall be paid by the grantee to the grantors so soon as they "shall become clearly possessed of a good and perfect title to the premises hereby conveyed, and shall execute and deliver a good and sufficient deed in fee-simple thereto, free of all incumbrances to the said grantee or his legal representatives." A perfect title was stipulated to mean final confirmation of the Sutter grant.

The statement on new trial and on appeal, as also the findings of the Court, stated "that the cause was tried by the Court, a jury having been waived by the parties."

In the transcript appears an affidavit by the Judge who tried the case that this statement, that the parties waived a jury, is erroneous and was a mistake of his own, and that he promised to strike it out.

*Winans*, for Appellant.

I. The complaint does not set forth facts sufficient to constitute a cause of action.

It is a bill in equity seeking to remove an alleged cloud from plaintiff's title, created by a deed held by the defendants for the premises in controversy, and asking cancellation of such deed. This is the whole ground of equitable jurisdiction set forth in the bill, yet it charges that defendants' deed, which is averred to be a cloud on plaintiff's title and sought to be canceled, was given to defendants fraudulently, without consideration, was never recorded, and that plaintiff obtained title to the premises

by deed, legally, in good faith, and without notice or knowledge of defendants' deed. If this be so, plaintiff's bill must fail, for there is no cloud on his title to remove. It is true that he refers to Section 254 of the Practice Act, and contends that thereunder he can maintain his bill to determine defendants' adverse claim. But we insist that he cannot. 1st. Because plaintiff's complaint was not framed under said section and does not seek to determine defendants' adverse estate, but on the contrary is an equitable bill, praying cancellation of defendants' deed, on the ground that it is a cloud on defendants' title; and, 2d. Because said Section 254, while giving a party in possession the right to have an adverse claim decided by action, leaves the character of such action to be determined by the circumstances of the case.

Plaintiff assumes that Section 254 gives only equitable jurisdiction, and cites the case of *Merced Mining Company* v. *Fremont*, (7 Cal. 319,) where equitable jurisdiction was asserted, plaintiff having possession.

In that case, equitable jurisdiction was properly asserted, because plaintiff sought for, was entitled to, and obtained, an injunction. On the contrary, the case of *Salmon* v. *Hoffman*, (2 Cal. 138,) was a common law action, brought by a party in possession.

The Court of Chancery has no jurisdiction where the party has an adequate remedy at law. (*Ritchie* v. *Dorland*, 6 Cal. 33; *O'Connor* v. *Corbett*, 3 Cal. 370; *Bird* v. *Hollabard*, 2 Root, 35; *Poage* v. *Wilson*, 2 Leigh, 490; *Batchelder* v. *Elliott*, 1 Hen. & M. 10; *Carroway* v. *Wallace*, 2 Ala. 542; *Walker* v. *Smith*, 8 Yerger, 239; *Hall* v. *Davis*, 5 J. J. Marsh, 290; *Combes* v. *Warren*, 17 Maine, 404, *et passim*; 2 Cal. 469; 6 Id. 273; 8 Id. 384; 4 Id. 6.)

Furthermore, defendants' deed having no indorsement of registry upon it, and plaintiff having had no notice thereof, and it being, therefore, void as against plaintiff, and so appearing to be on its face, its illegality is cognizable at common law, and equity cannot interfere. (See *Simpson* v. *Lord Howden*, 3 Mylne & Craig, 103, 104, and cases there cited; *Gray* v. *Mathias*, 5 Vesey, Jr. 294; *Coleman* v. *Sorrel*, 1 Vesey, Jr. 50.) Defendants' deed is no cloud upon his title. (Statute of Conveyances, Art.

363, Wood's Digest, 103.) See, also, *Wiggins* v. *Mayor*, " A proceeding which upon its face is not only illegal, but absolutely void, does not constitute a cloud upon the title to real estate against which a Court of Equity will relieve." (9 Paige, 17, and Note 1, 23, 24, where the whole doctrine is clearly set forth; *Hickman* v. *Cook*, 3 Humph. 640; *Carrol* v. *Safford*, 3 Howard, 441.) *Daniel* v. *Morrison's Ex'r* (6 Dana, 186,) where the Court says (Robertson, Chief Justice): "The Trustee having a legal right to the property, there was no ground for going into a Court of Equity, and therefore the Court had no jurisdiction." (*Van Doren* v. *Mayor*, 9 Paige, 388.) See, also *Carrington* v. *Otis*, (4 Grattan, 235—255,)—a very important case.

II. The evidence is insufficient to establish a cause of action. It shows no title in plaintiff. To sustain jurisdiction in equity, on a bill to quiet title, there must be clear evidence of title. (*Trustees of Louisville* v. *Gray*, 1 Littell, 147, 148; *Norton* v. *Beaver*, 5 Hammond, 178; *Bank of the United States* v. *Shultz*, 2 Ohio, 495; *Tenham* v. *Herbert*, 2 Atkyns, 483.)

III. The two deeds from Robinson, McDougall, Mesick, and Gillespie, as grantors, to plaintiff's grantor, McCorkle, were conveyances on condition precedent, and did not take effect *in presenti*. Under them McCorkle could and did acquire no title.

1. Because the condition has never been complied with or performed.

2. Because under the Sutter deed to them, which was duly recorded, and of which, therefore, McCorkle had notice, they had no right to make a conditional conveyance.

Precedent conditions must be literally performed, and *even a Court of Chancery*, will never vest an estate, when by reason of a condition precedent, *it will not vest in law*. It cannot relieve from the consequences of a condition precedent unperformed. (4 Kent's Commentaries, 125; *Popham* v. *Ramfield*, 1 Vernon, 83; *Harvey* v. *Aston*, 1 Atkins, 361; *Reynish* v. *Martin*, 3 Atkins, 330; *Scott* v. *Tyler*, 2d Brown's Chancery, 431; *Stackpole* v. *Beaumont*, 3 Vesey, 89; *Wells* v. *Smith*, 2 Edward's Chancery, 84.)

IV. There was no possession in plaintiff sufficient to sustain the action. The only evidence of possession is a written ac-

knowledgment, made by one Stevens, of tenancy to plaintiff, and a contract executed by plaintiff to him of even date therewith. These documents exhibit an equitable combination and arrangement between Stevens and plaintiff, to enable the latter to bring this action in an equitable, rather than a legal forum; and do not constitute such possession as is requisite in a suit to quiet title. (*Trustees of Louisville* v. *Gray,* 1 Littell, 148; *Ritchie* v. *Dorland,* 6 Cal. 36—38.)

*Reardan,* for Respondent.

I. This is an action under Section 254 of the Practice Act, and is warranted by *Merced Mining Company* v. *Fremont,* (7 Cal. 317.) But, if regarded as a bill in equity to remove cloud of title, it is good on the facts of the case.

The plaintiff alleges title and possession, and that defendants are making claim to the premises. The defendant, Brannan, denies plaintiff's possession, but admits that he is making claim to the property, and sets out his title, "and avers that his said title was duly recorded prior to the date of the pretended title of the said complainant."

This plea indirectly, if not directly, admits the plaintiff's title, which it seeks to avoid.

The possession of Smith having been fully proven, and the fact of defendants making claim being admitted, the only question remaining to be determined is, has the defendant shown " title from John A. Sutter, on July 27th, 1849," and that "such title was duly recorded prior to the date of the title of the complainant."

So that the question as to whether or not the evidence is sufficient to establish title in plaintiff, does not arise in this case.

The grant from McDougal and others to McCorkle was absolute and unconditional, and the title vested in McCorkle upon delivery of the deed. That which is sought to be construed into a condition precedent, is nothing more nor less than a covenant for further assurance. (1 Coke R. 617; 1 Leving, 155; 3 Tomlin, 255.

II. The evidence shows possession in the plaintiff, through his tenant, Stevens. The defendant did not prove the execution

of any deed from Sutter to him. (6 Cal. 112.) His deed was neither acknowledged nor recorded, and the copy was properly rejected, because neither the execution nor the loss of the original was shown. (1 Greenl. Ev. 664, 655 ; 2 Cal. 30, 31.)

Again : Mesick, the grantor of plaintiff, being a subsequent purchaser in good faith from Sutter, without notice of defendant's deed, had an indefeasible estate, and his title passed to plaintiff free. (*Lacy* v. *Wilson,* 4 Munf. 313.)

*J. A. McDougall,* for Respondent, argued : 1st. That the action was good under the 254th Section of the Practice Act. 2d. Brannan, though averring title, shows none, and hence can raise but the single question of the sufficiency of plaintiff's own case.

As to plaintiff's testimony being insufficient to justify a decree, because no title is shown in Sutter, the answer is, that both parties claim title under him as a common grantor.

The deed from Sutter to Robinson and others is not conditional, but contains covenants to the grantee. (Lord Cromwell's Case, 1 Coke Rep. by Thomas, 617 ; *Clapham* v. *Moyle,* 1 Levins, 155.) At all events, the conditions (if such they are) are conditions subsequent, involving, perhaps, questions between grantor and grantee.

As to the right of Sutter's grantees to make a conditional conveyance, the full answer is, that Sutter granted the legal estate, and that McCorkle was regularly invested with it. With the several covenants contained in the several grants, *the estate* has nothing to do. A question is made as to the technical right of Smith to institute the suit, he not being in possession, except by his tenant, and there being an agreement between the tenant and himself providing for the future disposition of the property.

We say, that with this arrangement between Stevens and Smith, Brannan has nothing to do. In this case he has not and cannot have any—the most remote interest. If a man contracts to be a tenant, nothing short of a prohibitory law can ignore his status. If a man contracts for the rights of a landlord, nothing short of the force of express law can impair his rights. The old maxim, that consent may overcome the law, would govern in all cases of this kind. A man may agree to be either landlord or tenant, as it is in violation of neither positive law or policy.

The notice of Brannan's title was ruled out.

We say, there was no foundation for the testimony. There was no proof of any title, legal or equitable, in Brannan. Before the point of notice can be raised, something must be established of which one should have notice. That such a thing as a grant under which Brannan claimed ever existed, was not shown to the Court. The execution of any such instrument was neither proved nor attempted.

The copy of the deed, as set up by Brannan, appears page 48. There is no proof whatever as to it. The copy was made by a person without color of office. His copy was no record; and whether or not it was the copy of a genuine original, does not appear.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Suit brought to quiet title to two hundred acres of land.

The plaintiff avers himself to be in possession, and charges that the defendants claim title to the premises.

Brannan answered, setting up title from Sutter, older in date than the title through which plaintiff claims—the source of both titles being the same.

The Court tried the case—a jury being waived.

The plaintiff deduced a regular chain of title from Sutter—the common grantor—to himself, and proved himself in possession, through one Stevens, his tenant. Brannan failed to show title of any sort.

The Practice Act, (Section 254,) provides that " an action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate, or interest."

It matters not whether the action under this section was intended to be an equitable or legal proceeding, as a jury was waived.

As Brannan offered no legal proof of title, it is hard to see what errors, to his prejudice, could have intervened, after the plaintiff had shown title *prima facie* in himself, possession by his tenant, and a claim by the defendant.

Many technical points are made; but the great pressure of business will not enable us to notice them all in this opinion, as they are mostly technical exceptions, involving no new principles.

We will glance at some of the most prominent:

1. The fact that an executory agreement was made between the plaintiff and the tenant, that after the title was settled, the tenant might purchase—but that the plaintiff should go on and prosecute the suit for such settlement—did not destroy the relation of landlord and tenant between them.

2. The deeds from Robinson, McDougall, Mesick, and Gillespie, to McCorkle, were not on condition precedent.   There is no definition of a condition precedent which embraces a paper containing words of sale *in presenti*, and then providing for the payment of the purchase money on subsequent condition.   The vesting of the title is not made to depend upon any future acts or facts. The provision in the conveyance for a future deed does not affect this view.   There was a bargain and sale, or an agreement of bargain and sale, on a good consideration, and the covenant for further assurance does not alter the nature of the transaction. It is enough, perhaps, to maintain this action, that the deed created an equitable estate, or even a right of possession, which it certainly did.

But these deeds are clearly not deeds on condition precedent. The grantor bargains and sells all his right, title, and interest, in the premises to the grantee; the deed then provides for the payment of the purchase money—the payment is conditional on the confirmation of the title by the Federal authorities, and *then a deed* is to be executed; the parties probably supposing a deed necessary after a patent to vest the title passed by the Government.   This last deed is only a further assurance, but there is nothing in the deed to show that *no title* was to vest until after payment.   On the contrary, the language is express that the property, or the grantor's right, title, and interest, had been sold.

This deed is widely different from that in Mesick and Brannan; for there, no words of grant applied to the premises in dispute, but only a covenant to convey the grantor's property, or

that title should vest, on punctual payment of the purchase money; and if not so paid, the deed to be void.

3. The deed from Sutter to Brannan was not properly recorded. It is scarcely pretended that it was—the officer having no authority for that purpose. Nor was the deed proven. It seems, from the copy produced, that there were subscribing witnesses to the deed. They were not called. The original itself was not produced. Brannan testifies to its loss; but if his testimony was sufficient to let in secondary evidence for the contents—which is by no means clear—the record fails to show any legal evidence of the contents of the deed. The subscribing witnesses were not shown to be without the jurisdiction of the Court, and their testimony should have been had at least to the fact of the execution of the paper. The paper being the only evidence of the title of the defendant, was, therefore, properly excluded. This left the defendant without any proof of the case made by his answer. Under this state of facts, it is unnecessary to consider any question of notice. There could be no notice when there was no title. The defendant was bound to show a prior deed *and* notice, in order to defeat the subsequent deed. The notice itself amounted to nothing without proof of title.

4. Several points are made as to the authority of Robinson and others, grantees of Sutter, under the deed of July, 1850, to convey the lands granted. But this question cannot arise in this controversy. Whether the conditions of the deed were or were not complied with, is a matter between Sutter and the grantees, and the defendant had no concern with it. If Sutter does not complain of the disposition made of the legal title by his grantees, third persons cannot.

5. There appears an affidavit of the late Judge of the Tenth District, to the fact that the record is erroneous in stating that the parties waived a jury. We cannot amend a record by an affidavit. But if we disregard this point it by no means follows that a party can go on and try his case before a Judge without objection, and after he has lost it complain that the case was not tried by a jury.

We do not, however, think the Appellant's point well taken, that this is not a good bill in equity. We think it clear that it is.

Many points are taken by the ingenious counsel which it is not deemed necessary to notice; for these main questions being decided, the other points become immaterial, for, on the whole case presented, the decree, resting on a few simple propositions, viz : title and possession in plaintiff, and claim without title by defendants, must be affirmed. Minor errors in the rulings of the Court, and the admission or rejection of evidence when the whole case is before the Court, and we can see that no error that ought to change the result intervenes, are not noticed by us. There is no substantial error in the form of the decree declaring the deed of the defendant void as against plaintiff; for the more strictly proper language, viz: pretended title or claim set up, would have the same effect in establishing the plaintiff's and denying the defendant's pretensions.

The decree of the Court below is affirmed.

(See *Curtis, Administrator* v. *Sutter*, January Term, 1860.)