# THE PEOPLE OF THE STATE OF CALIFORNIA v. PEARIS & McDONALD AND CERTAIN REAL ESTATE.

COMPLAINT IN TAX SUIT.—In a suit for taxes on real estate, levied, as was alleged, in El Dorado County, the complaint failed to show that said property was within said county, or the Revenue District thereof within which it was assessed, or that said Revenue District was within said county; *Held,* that the complaint did not state facts sufficient to constitute a cause of action.

ANSWER IN TAX SUIT.—An answer to a sufficient complaint in a suit for taxes on real property, brought against the property and the alleged owner assessed therewith, which denies only that the personal defendant was, at the time of the assessment, the *owner* of the property or any part thereof, without further denying in him *all claim, title, or interest therein,* is not such a denial as, by the Revenue Act, (section forty-two,) is permitted to be made, and it raises no issue as to the liability, as sought in the action, of either defendant.

ILLEGAL ASSESSMENT CREATES NO LIABILITY OR LIEN.—An illegal assessment of real property imposes no obligation on the owner to pay the tax for which it was levied, nor does it create a lien therefor on the property assessed.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

This was an action to recover judgment against the personal defendants and to enforce against certain real property described in the complaint a lien for the amount of State and county taxes, alleged to have been levied and assessed thereon for the year A. D. 1866.

A demurrer which was interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, was overruled; and the personal defendants answered, denying that at the time of the alleged assessment they, or either of them, were the owners of the property described in the complaint, or any portion of it, but alleged that at the date of said assessment, and ever since, said property was owned by the South Fork Road Company, a corporation duly organized, and acting as such, under the laws of this State.

At the trial the plaintiffs moved for judgment against all the defendants upon the pleadings. The Court thereupon dismissed the action as to the personal defendants, and rendered judgment against said real property, as prayed in complaint. The defendants appealed from the judgment.

. The other facts are stated in the opinion of the Court.

*Geo. G. Blanchard,* for Appellants, argued: first, that the complaint did not state facts sufficient to constitute a cause of action, because it did not appear that any legal assessment had been made of the property therein described. That

unless the assessment is made in conformity with the statute it is void; and cited *Blatner* v. *Davis*, 32 Cal. 328; *People* v. *Sneath*, 28 Cal. 615; *Moss* v. *Shear*, 25 Cal. 46; *Kelsey* v. *Abbott*, 13 Cal. 619; *People* v. *Hastings*, 29 Cal. 447; *Bidleman* v. *Brooks*, 28 Cal. 71; and *People* v. *Sneath & Arnold*, 28 Cal. 612. That an assessment made to one not the owner is void; and cited *Combs* v. *Warren*, 34 Me. 89; *Yancey* v. *Hopkins*, 1 Mumf. 419; *Martin* v. *Mansfield*, 3 Mass. 419; *Johnson* v. *McIntire*, 1 Bibb, 295; and *Baker* v. *Blake*, 26 Me. 433. That the answer, which set up that at the time of the assessment the property belonged to a party other than the one to whom it was assessed, raised an issue as to the validity of the assessment; and cited *People* v. *Waterman*, 31 Cal. 413.

*Jo Hamilton, Attorney General,* for the People.

By the Court, SPRAGUE, J.:

The demurrer to the complaint was well taken, and should have been sustained upon the point that it does not appear from the complaint that the property assessed or assumed to have been assessed is within the County of El Dorado, or within the Revenue District where assessed.

It further appears from the complaint that the property was all assessed by the Township Assessor of Placerville Township; that it consists of personal property and two distinct parcels of real estate, but one parcel of which is alleged to be in Placerville Township; and it is not alleged and does not affirmatively appear that such township is in the County of El Dorado, the county in which the assessment is alleged to have been equalized.

Assuming the demurrer to have been properly overruled and the complaint sufficient, the plaintiff was entitled to judgment on the pleadings against the individual defendants and the real estate, as prayed for, as the denial of the defendants that they were, at the time of the assessment, the *owners* of the property described in the complaint, or any

part thereof, is not such denial as would raise an issue as to whether the property was properly assessed to them, and is not such a denial as they are permitted by the statute to make. The third subdivision of section forty-two of the Revenue Act permits the defendant in a tax suit to deny *all claim, title, or interest* in the property assessed at the time of the assessment. The defendants' answer may be literally true, yet they may have had some claim thereto or interest therein, and may have been in the possession, charge, or control thereof, and, if so in the possession, charge, or control thereof, claiming an interest therein, they were legally liable to be assessed as the owners of the property and for the tax properly levied upon such assessments. (Revenue Act, Sec. 13.)

If the property was not properly assessed to defendants, then the assessment and tax levied thereon imposes no legal obligation to pay the taxes so levied on defendants or any other person or party, and creates no lien on the real estate so assessed.

The judgment of the Court, as entered, is manifestly erroneous. The allegation of the complaint is that the property was assessed to the defendants, Pearis & McDonald, and that they were the owners thereof at the time of the assessment; and the judgment dismisses the suit as to the individual defendants, and renders judgment against the property. If the property was properly assessed to defendants, then that portion of the judgment dismissing the suit as to them is error; and if the property was not legally assessed to the individual defendants, then there was no legal claim for the taxes levied upon the property against defendants personally or the property, the assessment was void, and the suit should have been dismissed as to all.

Judgment reversed and cause remanded, and remittitur directed to issue forthwith.