[No. 7,320.—In Bank.]

March 23, 1882.

## JAMES T. BOYD ET AL. v. CUTHBERT BURREL ET AL.

APPEAL—FILING OF THE UNDERTAKING.—The notice of appeal was served upon the attorneys of the adverse parties on the eighteenth day of December, 1879, and (according to the endorsement of filing appearing in the transcript) filed with the undertaking, January 30, 1880.

*Held:* The undertaking not having been filed within five days after service of the notice the appeal must be dismissed.

ID.—ID.—CORRECTION OF RECORD—CLERK.—Affidavits were filed to the effect that the notice and undertaking came to the hands of the Clerk on December 21st, and counter affidavits to the effect that the same were not filed by the Clerk until January 30th, on account of the non-payment of the fees in advance, and that appellants were notified by the Clerk at the

time of receiving the papers that the same would not be filed until the
fee was paid.

*Held:* The record of the Court below cannot be altered or amended by
proof made in this Court; if it is incorrect, that must be made to appear
by proper evidence to the Court below, which has power to alter it so as
to make it speak the truth. It would be a departure from all principle
to allow a record sent to this Court to be assailed by evidence of less
dignity than a record.

*Held, further:* The clerk was justified in refusing to file the notice and un-
dertaking until his fee was paid.

ID.—ID.—ID.—CASE DISTINGUISHED.—*Tregambo* v. *Comanche M. & M.
Co.*, 57 Cal. 501, distinguished.

APPEAL from an order denying the plaintiff's motion for a
new trial in the Thirteenth District Court in and for the
County of Fresno.   CAMPBELL, J.

*P. G. Galpin,* for Appellants.

In *Tregambo et al., Respondents,* v. *Comanche Mill & Min-
ing Company, Appellants,* 57 Cal. 505 (June 25, 1881), it
was held that " when the demurrers were brought and de-
posited with the Clerk for filing they were in contemplation
of law, as to the defendant on file in the case." (*Engleman*
v. *State,* 2 Ind. 91; *Bishop* v. *Coon,* 13 Barb. 325 ; *Lawson* v.
*Falls,* 6 Ind. 309. The undertaking was filed within five days
after *service* of the notice of appeal within the meaning of
§ 950, C. C. P.

*Stetson & Houghton* and *McAllister & Bergin,* for Respon-
dents.

No appeal has been taken in this case.   (C. C. P. § 940.
*Reed* v. *Kimball,* 52 Cal. 325; *Hastings* v. *Halleck,* 10 id. 31 ;
*Estell* v. *Chapman,* 15 id. 283.)

McKINSTRY, J.:

This appeal must be dismissed.   The notice of appeal was
served upon the attorneys of the adverse parties December
18, 1879; the undertaking on appeal was filed January 30,
1880.

Section 940 of the Code of Civil Procedure declares that
an appeal shall be of no avail unless the undertaking shall be
filed within five days after service of notice.

The notice of appeal was *filed* January 30, 1880.   But the

filing with the Clerk of the notice of appeal and its service upon the adverse party are not parts of a continuous act, which, as a whole, constitutes the service of the notice of appeal. Throughout the Code of Civil Procedure papers are said to be *filed* with the Clerk, *served* on opposite parties; and the terms are placed in opposition in the very section which provides for notice of appeal. (§ 940.) Within a limited time after the undertaking on appeal is filed the adverse party may except to the sufficiency of the sureties. (Code Civ. Proc., 948.) It is clearly intended that the adverse party shall not be compelled to watch the Clerk's office for the filing of an undertaking more than five days after he has notice of the filing of the notice of appeal. The phrase "the order of service is immaterial" is the equivalent of "whether the service precede or follow the filing of the notice is immaterial." Thus construed, the distinction between "filing" and "service," already asserted in the previous portion of the same section, is maintained. Its correctness is rendered apparent by a review of the legislation with respect to notices of appeal. Under the Practice Act of 1851, an appeal was made by filing with the Clerk a notice, etc., "and serving a copy of the notice upon the adverse party or his attorney." (§ 337.) While that Act was in operation it was repeatedly held that the filing must precede or be contemporaneous with the service. (*Buffandeau* v. *Edmondson,* 24 Cal. 94.) Originally the Code of Civil Procedure provided that the undertaking should be filed at the same time with the notice of appeal. The time or order of the service was not expressly declared, but as the service was of a *copy,* it was assumed by the Court that the notice should be first filed, or filed on the same day with the service.

The amendment of 1880, has made it immaterial that the notice is filed after it is served; but still provides that, "an appeal shall be ineffectual for any purpose, unless, within five days after *service* of the notice of appeal, an undertaking shall be filed," etc. In this case the undertaking was not filed within five days and the appeal is "ineffectual."

It is said, however, that the notice of appeal was in fact filed on the *twenty-first of December,* 1879. It was sent by express to the Clerk of the District Court and reached his

hands on the day last mentioned, which was within five days after the notice of appeal was served. The notice was indorsed as filed by the Clerk on the thirtieth day of January, 1880, and on that day was placed by him with the papers and records in his official custody. Admitting (solely for the purposes of this case) that we are authorized to go behind the Clerk's certificate, as the same appears in the record here, the Clerk was justified in refusing to file the notice until his fee was paid. The affidavits show plaintiffs to have been indebted to the Clerk for services previously rendered in the action, and the attorney for plaintiffs had been distinctly notified by the Clerk that no further official services would be by him performed in the action unless his fee therefor was paid in advance. Further, that the Clerk, upon receipt of the notice, immediately informed the attorney that the same would not be filed except on payment of his fee. The law gave to the Clerk the right to refuse to perform any particular service except upon the condition that his fees therefor should be paid in advance. Plaintiffs and appellants cannot claim that he performed an official act, by legal construction, which he in fact refused to perform, having the legal right so to refuse. Having been notified that prepayment would be required, the plaintiffs were not in a position, prior to the payment of his fee therefor, to compel the Clerk either to file the notice of appeal, or to certify that it has been filed.

*Tregambo* v. *Comanche Co.* (57 Cal. 501) was not like this case. There an application was made to the Court below to set aside a default entered against a defendant through his "surprise or excusable neglect." The Clerk did not demand his fees for filing certain demurrers before receiving them, and the fees were tendered before the default was entered.

Appeal dismissed.

ROSS, SHARPSTEIN, MYRICK, THORNTON, and McKEE, JJ., concurred.

The COURT:

In denying a rehearing in this cause, we think it proper to say that the transcript shows that the notice of appeal was served on the eighteenth of December, 1879, and filed on the

thirtieth of January, 1880. An attempt is made to show by affidavit before this Court, that it was filed at an earlier day, and within the time allowed by law. This cannot be allowed. It was so held in *Boston* v. *Haynes*, 31 Cal. 107. The record of the Court below cannot be altered or amended by proof made in this Court. If it is incorrect, that must be made to appear by proper evidence to the Court below, which has power to alter it so as to make it speak the truth. It would be a departure from all principle to allow a record sent to this Court to be assailed by evidence of less dignity than a record. (See *Smith* v. *Brannan*, 13 Cal. 107; *Bonds* v. *Hickman*, 29 id. 460; *Satterlee* v. *Bliss*, 36 id. 521.) The party must seek relief in the Court from which his appeal was prosecuted.

Hearing denied.