# WHEELING.

OIL RUN PETROLEUM CO. VS. GALE ET ALS.

1873.
June Term.

THE OIL RUN PETROLEUM COMPANY, PLAINTIFF AND APPELLEE, *against* WILLIAM CADY AND AMOS GEORGE, DEFENDANTS, AND E. L. GALE AND MARY GALE, DEFENDANTS AND APPELLANTS.

| | |
|---|---|
| 6 | 525 |
| 41 | 3 |
| 6 | 525 |
| 54 | 535 |
| 6 | 525 |
| e56 | 115 |
| 6 | 525 |
| 58 | 568 |

Decided July 17th, 1873.

### SYLLABUS.

1. A court of equity will take jurisdiction of a bill of interpleader where it appears there is either no remedy at all at law, or that the legal remedy is inadeqdate for the protection of the party filing the bill.

2. It is not necessary, to entitle a party to come into equity, that the titles of the claimant should be both purely legal. It is ordinarily sufficient to found the jurisdiction, that one is legal and the other is equitable. It seems that when one of the claims is purely equitable, it is indispensable to come into equity.

1873.
June Term.

3. It is not proper for the appellate court, in determing an appeal from an order of injunction granted by a judge in vacation, or a court, to decide which of the claimants has the better claim or right.

4. Taking the allegations contained in the bill in this case as true, the plaintiff has no adequate remedy at law.

5. In interpleader in equity, it is necessary that the claimants should should claim the same debt or thing.

6. The claimants in the bill mentioned in this case, under the statements and allegations of the bill, claim the same rent.

7. P., the tenant in possession, alleges in his bill that rent oil is due from him, under a deed of lease executed by G. and G., his wife, and that the same rent oil is claimed by G. and G., his wife, each, and also by C. by virtue of said deed of lease, and that G. the husband has sued out a distress warrant for the unpaid rent oil, and placed the same in the hands of a constable, who has levied a distress warrant upon the rent oil and other property of P. The bill being otherwise sufficient as a bill of interpleader, makes the constable a party defendant, and prays an injunction, and that the property levied on be restored, and that a special receiver be appointed to receive the rent oil in arrear, and that to become due from P., until it is determined by the court which of the claimants has the better right. HELD,

That the constable is a proper party to the bill, not for the purpose of interpleading; but simply to make the order of injunction and the restoration of the property effective.

8. G. and G., his wife, by deed of lease duly executed, acknowledged and recorded grant to P.'s assignors, for a large money consideration paid down, and for a large rent to be paid in oil as the oil is produced from the leased premises, a hundred acres of land for the term of 20 years. G. the wife is the fee simple owner of the land, subject to the marital rights of G. the husband therein, which is at least an estate during the joint lives of G. and G., the wife. G. the husband prior to the date of the deed of lease, by contract, sold to C. his entire interest for his life in a tract of 250 acres, covering the said 100 acres. P. and his assignors, at the date of the lease and purchase from G. and G. the wife, and for a long time afterwards, had no notice or knowledge whatever of the contract of G. the husband with C. about said land. After P. had obtained the lease and taken possession of the leased premises and had paid the oil rent to G. the husband under the deed of lease, as it accrued for some time, C. brought suit against G. the husband to compel him to execute to him a deed conveying the legal title to the 250 acres for his life estate. C. obtained a final decree against G. the husband for such deed, and appoint-

ing a commissioner to convey the life estate of G. in the 250 acres of land to C. G. and G. his wife then each notify P. that they each claim the unpaid and accruing rent oil under the lease. C. notifies P. that he claims the unpaid and accruing rent oil under the lease, by virtue of said decree, and notifies P. not to pay it to G. nor G. his wife. P. is ready and willing to pay the rent oil in arrear to the proper claimant, and, has it on hand for the purpose; but is ignorant as to which is the better claim of the claimants. G. the husband is insolvent, and sues out a distress warrant against P's. property on the leased premises, and causes the oil rent in P's. possession, together with the large amount of other personal property of P., on the leased premises to be levied on for the rent oil in arrear. P. files his bill of interpleader against G. and G. his wife and C. HELD,

That equity in such case has jurisdiction; that C.'s claim to the rent oil, reserved in the lease, under G., must be considered, for the purposes of this case, to have commenced at the date of the decree, which was after the date of the deed of lease.

9. According to the averments of the bill filed, the persons claiming the rent oil, claim in priority of contract and tenure sufficiently for the purposes of the bill.

10. the allegations and averments of the bill, as recited in the opinion in this case, are sufficient to constitute a good bill of interpleader

11. If the affidavit filed with the bill is not of itself sufficient to authorize a judge to grant an injunction, still if there are properly certified official copies of documents and records filed with the bill as exhibits and evidence, and they, together with the affidavit, are sufficient to satisfy the judgment that the injunction should be granted, it is not error for the judge to grant the injunction.

11. In interpleader, ordinarily, a special receiver should not be appointed to take possession of the property without notice, still there are exceptions to the rule, as where immediate action is necessary to prevent great loss or injury, and especially where it is not sought to dispossess a party of his own property.

The case is stated in the opinion of the Court.

*Boggess, Sands* and *Hutchinson* for Appellants.

*Cole* and *Johnson* for Appellee.

HAYMOND, President.

The Plaintiff presented its bill of interpleader praying an injunction, and the appointment of a special receiver, to the Judge of the Circuit Court of the county of Ritchie, who refused to grant the injunction, and appoint a receiver. In a short time afterwards, the Plaintiff presented the bill to Edwin Maxwell, one of Judges of the Supreme Court of Appeals, and on the 25th day of May 1872, he granted the injunction prayed for, and Amos George, constable of Grant township, in Ritchie county, was directed by the order granting the injunction to release from levy, and restore to the Plaintiff its property levied upon by virtue of the distress warrant in the bill mentioned. Judge Maxwell at the same time by his order appointed J. N. Camden special receiver of said Circuit Court; and directed that upon his going his bond with good security in the penalty of $20.000.00 conditioned to have the oil thereinafter mentioned, or the proceeds of the sale thereof, forthcoming to answer any order of said Court in relation thereto, he should take into his possession and control all the rent oil then due from the Plaintiff according to the terms of the lease in the bill mentioned, or that which should thereafter become due prior to the first day of August next thereafter; and if in his opinion the same ought at any time to be done, to sell the oil at its highest market value, and hold the proceeds thereof subject to the order of the Court. On the 17th of May 1872, the bill with the orders of the Judge thereon was filed in the clerks office of the Circuit Court of Ritchie county. On the same day, the injunction bond required was executed and filed in the said office, and the clerk issued a summons in the case against the Defendants in the bill, and endorsed thereon the order of injuction with the order of release of property, together with his certificate that the injunction bond had been given. On the 27th of May, the summons was executed on Amos George, and on the

28th it was executed on Mary Gale and E. L. Gale two of the Defendants named in the bill. The three last named persons and William Cady was made Defendants to the bill with said George.

Afterwards, on the 31st day of May 1872, the special receiver executed and filed in the clerk's office aforesaid the bond with security required by the order of Judge Maxwell. On the day last named, Mary Gale and E. L. Gale filed an undertaking with the clerk of the Circuit Court for an appeal "from the order of injunction granted in the cause, and on the 1st day of June thereafter, the Appellants caused a notice to be served on C. C. Cole, counsel for the Plaintiff, of their intention to appeal from the order of injunction granted in the cause, and desired stay of execution in the case, and that they had filed in the clerks office of the Circuit Court an undertaking with security in manner and form as required by law when stay of execution is desired. This notice was filed in said clerk's office on the 3rd day of June 1872. The case is now before us upon appeal from the order of injunction granted in the case. The bill alleges substantially that the Plaintiff is the lessee of defendants E. L. Gale and Mary Gale his wife of a tract of land containing 100 acres in the county of Ritchie, which is described in a deed dated the 27th of December 1864, and of record in said county, made by Gale and wife to John S. Carlile and others, an official copy of which is filed as an exhibit; that the grantees of the deed of lease transferred and assigned to Plaintiff all their interest under the deed; that the Plaintiff now is, and has for years been, in possession of the said 100 acres of land, under and by virtue of the deed of lease so transferred and assigned to it, and has been working, improving and developing the same by sinking a large number of oil wells thereon, and pumping therefrom large quantities of oil, of which, under the terms of the deed of lease, it (Plaintiff) is required to pay to the lessors the one-fourth part,

and has paid and delivered the same as it was produced to defendant E. L, Gale up to the —— day of March 1872, when defendant Cady served a notice on it (Plaintiff), that by virtue of a contract between him and defendant E. L. Gale and a decree of the Supreme Court of Appeals of this State, founded upon said contract, defendant E. L. Gale had sold and assigned to him (Cady) all the right and title of him, E. L. Gale, in a tract of 250 acres of land in said county, which covers and includes the said 100 acres, and that the Supreme Court of Appeals, by its decree rendered on the —— day of February 1872 in a cause then therein pending, wherein defendant Cady was complainant and defendant E. L. Gale was defendant, had decided and declared that Cady, by virtue of said contract, was entitled to the interest of E. L. Gale in the said 250 acres of land, and affirmed the right of Cady to a conveyance thereof from E. L. Gale ; and referred Plaintiff to the clerks office of the Circuit Court of Wood county, where he claimed the decree of the Supreme Court was recorded ; that on examining the clerks office of Wood county Plaintiff found recorded the decree and opinion of the Supreme Court of Appeals rendered in the cause aforesaid, whereby the Circuit Court of Wood county was directed to enter a decree requiring defendant E. L. Gale, within ten days from said entry being made, to make, stamp and acknowledge for record a deed to Cady, conveying to him all the right, title and interest of him, defendant E. L. Gale, being a life estate therein, in the said 250 acre tract of land mentioned in the contract made by defendant E. L. Gale and Cady on the 3rd day of October 1859, and filed among the papers of said case as Exhibit "B.," and bounded and described according to a report of survey made by J. S. A. Farrow, surveyor &c., and filed in the papers of that cause; and that, if defendant E. L. Gale should fiail to make said deed within the ten days, that then the Circuit Court of Wood county should appoint a commissioner to make the deed; and that said Circuit

1873.
June Term.

Oil Run
Petroleum Co.
v.
Gale et als.

Court was also directed by said decree to refer the cause to a master commissioner thereof, to ascertain and report what rents &c. defendant E. L. Gale had received, or was to receive from the 250 acre tract, in order that Cady should have a decree therefor; that on the 30th day of April 1870, the Circuit Court of Wood county did enter a decree in the cause of Cady vs. E. L. Gale, in accordance with the opinion and mandate of the Supreme Court of Appeals; that on the 30th of April 1872, the Circuit Court of Wood county, on the petition of defendant Mary Gale filed in the cause of Cady and E. L. Gale, whereby she claimed to be entitled to the rent oil reserved in the lease granted on the said 250 acre tract, and the petition of the Grant Oil Company, suspended the making of the deed and the taking of the account until the further order of that Court. Plaintiff further avers that the tract of 100 acres is a part of the 250 acres mentioned in the decree and mandate of the Court of Appeals; that it always theretofore, and until the time aforesaid, paid the rent oil, being one-fourth of all the production on the 100 acre tract, to defendant E. L. Gale, and that he claimed, received and receipted for the same in his individual right and as his individual property, and still claims the same as such; and that Plaintiff had supposed that the rent oil was the property of defendant E. L. Gale, and that he was entitled to receive it; that the defendant Mary Gale, heretofore, and up to said time, knew that E. L. Gale claimed, and was receiving the rent oil as his own property, and that she quietly consented thereto and acquiesced therein, and never objected to the payment of the same to E. L. Gale, and never claimed the same or any interest therein until after the rendition of the decree or mandate of the Supreme Court of Appeals; that since that time, she has claimed the rent oil as her separate property, and has notified Plaintiff of her claim thereto, and that E. L. Gale has no interest therein whatever, or any right to demand or receive the same, and has also

notified Plaintiff not to deliver the rent oil to any person other than herself; that she claims that she is the owner of the 100 acres of land in fee; that defendant Mary Gale has recently brought an action of ejectment against the Plaintiff in the Circuit Court of Ritchie county, for the recovery of the 100 acre tract, and gives it out publicly that she seeks to recover the 100 acre tract because of the non-payment of the rent to her; that at the same time, E. L. Gale claims that he is entitled to receive from Plaintiff the said rent oil; that Cady contests the claim thereto of both E. L. Gale and Mary Gale, and claims that Mary Gale has no right to the rent oil, and that E. L. Gale, but for the contract aforesaid between him and Cady, and the decree of the Supreme Court of Appeals, would have been entitled to take and receive the same, and that he (Cady) by reason of the said contract and decree, is entitled to demand and receive the same.

Plaintiff further alleges that neither E. L. Gale, Mary Gale or Cady contest or dispute the rights claimed by Plaintiff under the lease, except that Mary Gale pretends to be entitled to recover the premises by reason of the non-payment of rent to her; that the Gales and Cady each recognize and admit the right of the Plaintiff to occupy and use the 100 acre tract for the purposes mentioned in the lease during the full term thereof, the Plaintiff paying the rent oil as in the lease stipulated. Plaintiff also avers that it has no interest whatever in the litigation now going on between the Gales and Cady, in reference to the rent oil, and its rights under the lease cannot be effected by the result of the litigation; that Plaintiff has no interest whatever in the said fourth of oil produced on the 100 acre tract, except to deliver the same according to the terms, true intent and meaning of the lease to the person or persons legally entitled to receive the same, in such manner as to be protected from injury or damage by the conflicting claims of the said claimants; that the Plaintiff, its officers, agents or em-

ployees do not collude with E. L. Gale, Mary Gale or Cady in relation to the rent oil, or their respective claims thereto, but is willing to pay, or dispose of the rent oil in such manner as the Court may direct in the premises; that at the time Plaintiff and those under whom it claims acquired their rights under the said lease, it and those under whom it claims, had no notice, actual or constructive, of the said contract of Gale with Cady for the 250 acres of land; that in consequence of the want of notice of said contract at the time of granting the lease by Gale and wife, Plaintiff is advised and believes and so charges, that its rights and liabilities in the premises at law and in equity are the same as though the contract of Gale with Cady, for the sale of the 250 acres, had actually been made subsequent to the time Gale and wife granted the lease under which the Plaintiff claims; that on account of said conflicting claims to the rent oil aforesaid, Plaintiff does not know whether the same legally belongs to Mary Gale, E. L. Gale or Cady, or to which of the conflicting claimants it should deliver the same, and that without the aid of a court of equity to determine to whom the same should be delivered, Plaintiff would be obliged to deliver the same to one of the contending parties, and be harassed and vexed by the suits of the other claimants, or to hold the 'rent and be vexed by the several suits of all the claimants; that E. L. Gale has been receiving for many years a large revenue, in the way of bonus on oil leases and rent oil reserved in leases made by him and his wife Mary upon the 250 acres and other lands in the county of Ritchie; but notwithstanding, E. L. Gale is insolvent, and should Plaintiff deliver the rent oil to him, and it should hereafter appear that he is not entitled thereto, Plaintiff could have no available recourse upon, or indemnity from, E. L. Gale, and would thereby suffer irreparable damage; that in consequence of said conflicting claims to the rent oil, Plaintiff has not delivered any part

thereof to any person since about the first of March 1872, and consequently has on hand in its possession 16,-000 or 17,000 barrels of rent oil, which it is entitled to deliver to the party entitled to receive the same, and relieve itself from the liability and damage of loss consequent upon holding the same in its possession; that its tanks and vessels for receiving and holding the oil, after it is pumped, are now really filled to their capacity, and, if Plaintiff is not allowed soon to deliver the said rent oil, it will be obliged to suspend pumping for want of storage on the premises; that the oil is a highly inflammable substance, very liable to destruction and waste, and expensive to keep; that Plaintiff is advised that under the circumstances he is entitled to ask at the hands of a court of equity that a receiver be appointed, to whom the Plaintiff may be allowed to deliver the rent oil it now has on hand, as well as that which it is constantly produceing for the benefit of such of the conflicting claimants as may be entitled to receive the same. Plaintiff also avers that on the —— day of May 1872, E. L. Gale obtained a distress warrant against it for the amount of the rent oil which he claims to be due him, and placed the same in the hands of Amos George, constable of Grant Township in Ritchie county, who, by virtue thereof, has levied the same, among other things, upon several of Plaintiffs engines used at its most valuable wells on the 100 acre tract for the purpose of raising or pumping the oil, and that said officer threatens to stop the Plaintiff from operating the wells with the engines, although there is ample and sufficient property of the Plaintiff, liable to levy under the distress warrant, to satisfy the same; that said constable has levied upon the accumulated rent oil and some oil belonging to the Plaintiff in tanks on the premises, and, if Plaintiff is not allowed soon to remove the same, it will be obliged to stop pumping several valuable wells for want of storage for the oil. Plaintiff alleges that it has no remedy save in a court of equity, and to the end that

1873.
June Term.

Oil Run
Petroleum Co.
v.
Gale et als.

the oil may be protected from destruction, waste and damages, and saved for the person or persons entitled thereto, and that the Plaintiff may be protected in the premises from loss or damage, or harrassing and vexatious suits by the several conflicting claimants, it (Plaintiff) prays that defendant E. L. Gale, Mary Gale and Wm. Cady may severally set forth and discover what right or title they, and each of them, have in, and to the said one-forth of the oil pumped or produced on the 100 acres, being the rent oil aforesaid; and how they, and each of them, derive and make out the same, and that they, and each of them, may set forth to which of them the said rent and arrears of rent do of right belong, or is or are payable; and may interplead and settle and adjust their demands between themselves, the Plaintiff being ready and willing, and offers to pay the rent oil and arrears thereof to such of said claimants to whom the same shall appear to belong, being indemnified; and that a receiver may be appointed to receive the rent oil due, and hreafter to become due; and that the Plaintiff may be at liberty to pay and deliver the same to him for such of the said claimants as shall appear to be entitled thereto ; and that the several Defendants, and each and every of them may be restrained by an order of injunction from all proceedings at law against Plaintiff for the collection of the rent and arreas of rent aforesaid ; and that the said Amos George may be restrained from further proceeding upon the distress warrant, and directed to release the Plaintiffs property from the said levy, and return the same to Plaintiff. The bill concludes with these words ; "And may the Plaintiff have such other, further and general relief as to equity appertains and the nature of the case may require; and may subpoena issue &c."

It is insisted by Defendants' counsel that the bill is not a good bill of interpleader, upon its face, and that the injunction ought not to have been granted and the property restored to Plaintiff.

1. Because of anything that appears in the bill, the Plaintiff has a complete remedy in the premises in a court of law.

2. The bill does not show that the Defendants claim the same rent.

3. The bill does not show that the persons claiming the rent, claim in privity of estate, contract or tenure.

4. The bill disputes the Plaintiff's landlord's title.

5. The claim of Cady to the rent is founded upon an act or contract of E. L. Gale, Plaintiff's landlord, done or made prior to the commencement of Plaintiff's tenancy, and E. L. Gale, as the Plaintiff's landlord, cannot be compelled to interplead with Cady.

6. The bill contains a prayer for general relief.

The Defendant, in support of the first objection stated, cites the provisions of the Code of 1868 on the subject of interpleading. These provisions of the Code do provide a complete remedy for relief in many cases of conflicting claims for the same debt, &c. It must be admitted that, if the Plaintiff has a complete and adequate remedy at law, he cannot be entertained in equity upon a bill of interpleader. But it is clear to my mind that taking the case stated in the bill as true, that the Plaintiff has not a complete and adequate remedy at law for his protection. "It is not necessary, to entitle the party to come into equity, that the titles of the claimants should be both purely legal. It is sufficient to found the jurisdiction, that one is legal and the other is equitable. Indeed, where one of the claims is purely equitable, it seems indispensable to come into equity; for in such a case there can be no interpleader at law. Thus, for instance, if a debt or other claim has been assigned, and a controversy arises between the assignor and the assignee respecting the title, a bill of interpleader may be brought by the debtor to have the point settled." 2d Vol. Story's Eq. Juris., sec. 808. It is probable that in this State, where the Statute now authorizes the assignee of assign-

able paper to maintain an action in his own name upon such paper, the debtor would ordinarily have a complete remedy at law; but it was otherwise before the passage of the statute, and I understand Judge Story as giving the instance of assignor and assignee as an illustration of the text immediately preceding. From the statement of Cady's claim to the rent oil, ascertained in the bill, I think his claim is equitable in its nature, and not legal. I do not mean to be understood as determining that Cady's claim to the rent oil is a good claim, or is better than that of Gale or his wife, or the reverse thereof. I am only ascertaining that there is a claim made by Cady, and its character.

It is not proper for this Court to determine, at the present stage of this case, which of the claimants have the better claim or right.

According to Judge Story, if one of the claims is legal and the other equitable, it is indispensable to come into equity. There may be a remedy at law, and that remedy may be inadequate in the given case to effectually protect the party. In section 807 of his work on Eq. Juris. Vol. 2, Judge Story says; "The true origin of the jurisdiction is that there either is no remedy at all at law, or the legal remedy is inadequate in the given case." The Plaintiff has filed with his bill the deed of lease from Gale and wife to Carlile and others, therein mentioned, by which it appears that the consideration thereof was $20,000 in cash and one-fourth part of all the oil that may be produced from the property leased; the oil to be delivered in the tank or tanks, or to be filled in barrels to be furnished by the lessors at the well or wells. The times of delivery of the oil are not specified in the lease, so the delivery may be due daily under lease. The Plaintiff had paid the rent promptly to E. L. Gale, with the knowledge and consent of Mrs. Gale, until the decree of the Supreme Court of Appeals, in the bill mentioned, was rendered; and soon

after that, Mrs. Gale and Cady each notified it of their claims respectively to the rent oil, and not to pay or deliver it to E. L. Gale, and that they would each hold it liable for the rent oil; that E. L. Gale also claimed the rent oil. Under this state of facts, Plaintiff being ignorant as to which of the three claimants was the legal and proper party to pay the rent oil, and E. L. Gale being insolvent, as a matter of safety and protection ceased to make further payment or delivery of the rent oil. By May, after he had ceased payment, which was only some two or two and a half months, some 16,000 or 17,000 barrels of the rent oil accumulated, and was ready to be delivered to the rightful owner, in good faith, by Plaintiff. At this time Gale sued out his distress warrant for the large amount of the accumulated rent oil then in arrear, and caused the same to be levied not only on the accumulated rent oil, but upon a large amount of other oil, and several engines and other property of Plaintiff. With the engines the Plaintiff worked its oil wells; they were used in pumping; and at the filing of the bill, the constable George was threatening to remove the engines, whereby Plaintiffs extensive and evidently profitable business would necessarily be interrupted and stopped, and it subjected to great loss. In this situation, if it submitted to the distress, and suffered the property to be sold, it would most probably be sold at a sacrifice and loss, and then Mrs. Gale or Cady or both of them might subject it to law suits and vexation, about and for the same rent, and might collect it again by force of legal process. If it gave an undertaking for the forthcoming of the property levied on, under the provisions of the 7th section of Chapter 107 of the Code, and then compel an interpleader in a proceeding on the undertaking, it would be compelled to pay the value of rent oil in arrear, ascertained according to the provisions of the 15th section of Chapter 93 of the Code, into Court in money, and thus be deprived of the benefit of

its contract, when it was in fact ready, willing and anxious to pay it to the proper owner; and in addition thereto be liable to be proceeded against by E. L. Gale, from time to time, by other distress warrants as fast as the rent oil accumulated; and by this imperfect protection be compelled to endure, in each case, a tedious legal procedure with the same result. The oil is combustible in its nature, and quite susceptible of complete destruction at any time while in the possession of the company. It seems to me that the simple statement of the case shows conclusively that in this case the remedy at law was and is wholly inadequate, and that if Plaintiff had resorted to the legal remedy in search of relief and just protection, it would have incurred great loss, if not ruin.

The second objection is clearly not well taken; for each of the claimants, according to the express showing of the bill, claim the same rent, to-wit; the rent oil in arrear and accruing under the deed of lease. It is true the bill states that Mrs. Gale now pretends to claim the 100 acre tract; but her only claim is predicated on the fact that Plaintiff fails or refuses to pay the rent oil specified in the lease, and is willing to take it; in fact claims it. The claim of forfeiture of the lease by reason of the nonpayment of the oil rent is, in point of law, no claim to the land; but it, in point of law, amounts only to a claim to the oil rent. George the constable who levied the distress, is not made a party that he may interplead; but simply to make the injunction and order of restoration effective. He was a proper party under the circumstances.

The third objection is clearly untenable. The character of the contract between Cady and E. L. Gale, whether a writing or not, is not stated in the bill, but I think it is a clear inference that Cady only acquired, under the contract an equitable right to the 100 acres during E. L. Gale's life. The decree of the Supreme Court of Appeals judicially ascertained and established that right,

1873.
June Term.

Oil Run
Petroleum Co.
v.
Gale et als.

and provided for the making of the deed to Cady for the life estate of E. L. Gale. The deed does not seem to have been made as yet, and the decree of the Supreme Court was strangely suspended by the Circuit Court of Wood county on the petition of Mrs. Gale and another. Mrs. Gale seems to be the fee simple owner of the land, and the right of E. L. Gale therein is by virtue of his being the husband of Mrs. Gale. E. L. Gale's right in the 250 acres cannot be less than an estate during the joint lives of himself and wife, and it may be an estate during his own life. E. L. Gale derived his claim in the land from Mrs. Gale by marriage, and Cady derived his claim, whatever it amounts to, from E. L. Gale. Mrs. Gale claims the rent under the lease, and so notified Plaintiff. It is true she claims that, if the non-payment of rent works a forfeiture of the lease, she is entitled to the 100 acres absolutely; but still if the lease was forfeited for non-payment of rent, which cannot be, Gale as the husband would have the life estate before named therein so for as I can see from the bill. Gale claims the rent under the lease, and as the Plaintiff and its assignors were purchasers of the term of 20 years in the land without notice of Cady's equity or claim. He (Cady) claims that, under and by virtue of the decree of the Supreme Court of Appeals, he is in equity entitled to receive the rent during the unexpired term of the lease, that in equity he should be considered as in the position of an assignee of E. L. Gale, and perhaps Mrs. Gale also, of the oil rent reserved in the lease. Under these circumstances there is a sufficient privity of tenure, contract and estate for the purposes of the bill.

The fourth objection is not well taken. In 2 Vol. of Story's Eq. Juris. sec. 811, he says: "So, where a tenant was liable to pay rent, but there were several persons claiming title to it in privity of contract or tenure, he was held entitled to file a bill of interpleader to compel them to ascertain to whom it was properly payable."

1873.
June Term.

Oil Run
Petroleum Co.
v.
Gale et als.

Here it is proper to state that in the cases of tenants seeking such relief, it must appear that the persons claiming the rent, claim in privity of contract or tenure, and in cases of this sort the tenant does not dispute the title of his landlord; but he affirms that title and the tenure and contract by which the rent is payable. Cady affirms the lease under which the rent accrues, and claims the rent oil which Plaintiff is bound to, pay under it and Plaintiff affirms the lease also.

The fifth objection, I think, cannot be sustained. Much that has been said with reference to the third and fourth objection applies here. Cady claims the rent under, and by virtue of, the decree of the Supreme Court of Appeals, which was rendered after the date of the lease, and by virtue of that decree he claims to be entitled to confirm the lease, and receive the rents accruing thereunder. It is true, said decree may be and doubtless is based on the contract made before the lease. E. L. Gale failed to inform Plaintiff of the existence of the contract with Cady, as he ought to have done. The contract never acquiring real vitality and operative force as to the rent; until the right of Cady to the 100 acres of land was adjudicated by the said decree. The Plaintiff has thus become entangled since the date of the lease by the act of its landlord Gale, although the entanglement sprang from the act of Gale before the lease; but the said decree, made after the lease, is the immediate cause of the tenant's entanglement. In such a case it seems to me that a bill of interpleader is eminently proper.

The sixth objection, I think, is also untenable. The bill contains substantially, if not literally, the usual and prescribed prayer of bills of interpleader in such cases. The short prayer in the bill at its close was not intended as a prayer of general relief, as ordinarily understood when appended to bills. The whole frame and preceding prayer of the bill show this. It is true it was not

necessary or perhaps strictly proper to insert it, still I think it may and ought to be regarded in this case as mere surplusage; at least it ought not to be considered as a prayer for general relief in its usual acceptation. I think the bill makes a proper case of interpleader in equity.

It is also objected that the Court erred in granting the injunction, because the bill is not sufficiently verified by affidavit. I have had much difficulty in bringing my mind to a satisfactory conclusion upon this question. The 3rd sec. of Chap. 133 of the Code of this State, provides that, "No injunction shall be awarded in vacation nor in court in a case not ready for hearing, unless the court or judge be satisfied by affidavit or otherwise of the plaintiff's equity."

High, in his work on Injunctions in sec. 984, says: "The proper verification of a bill is a matter of importance, since an injunction is seldom allowed upon other than a sworn bill. Nor will it suffice that the material facts constituting the equity on which the injunction is sought are verified by complainant upon information and belief, but they should be positively sworn to." Ken. on Injunctions in Equity, 613. Mr. High, also says, in sec. 985, "When an injunction is sought in behalf of a corporation, the bill is usually verified by some officer of the corporation conversant with the facts. It may, however, be verified by an attorney or other agent, without the oath of any of the regular officers of the corporation, where such officers are less acquainted with the facts constituting the foundation for the injunction than the agent or attorney." The Code of this State, Chap. 125, sec. 42, provides that the verification of any pleading, and the certificate thereof, shall be in form or effect as follows:

*State of West Virginia, ——— county, to-wit:*

A—B—the plaintiff, (or defendant, as the case may be,) named in the foregoing bill, (or answer, replication or

plea, as the case may be,) being duly sworn, says the facts and allegations therein contained, so far as they are stated on his own knowledge, are true, and that so far as they are stated upon information, he believes them to be true.

A—B—Plaintiff (or Def't.)

Taken, sworn to, and subscribed before me this —— day of ——.

The affidavit accompanying the bill in this case, is the same in form as that prescribed in the Code. The only difference is, it is made by C. C. Cole, whom the record shews was the attorney for Plaintiff, and not by the Plaintiff, an incorporated company. There are filed with the bill, as exhibits, official copies of the lease, the decree of the Supreme Court of Appeals, the decree of the Circuit Court of Wood county made in pursuance of, and in obedience to the decree of the Supreme Court of Appeals and the declaration in ejectment of Mary Gale vs. Plaintiff. The bill does not state any fact or make any allegation as being on or within the knowledge of the affiant, and no material allegation is stated in the bill as being upon information. The statements and allegations of the bill are altogether direct and positive, without averring expressly that they are known to the Plaintiff or any particular person or persons. The affidavit in this case is not sufficient in and of itself according to the elementary writers above cited, and the cases cited by them. But the previsions of the Code seem to be more liberal. The section quoted expressly *directs* that the verification of any pleading, and the certificate thereof shall be in form or effect as therein prescribed. The Legislature certainly meant that where any person made the affidavit in the form prescribed that it should be taken to mean, and amount to something when attached to a bill or other pleading by way of verifying the same. Still if the bill was verified alone by this

affidavit, I should doubt its sufficiency to authorize the granting of the injunction, notwithstanding it is perhaps sufficient, as to non collusion by Plaintiff, to support the bill of interpleader, as I think it may be construed that affiant swore to the truth of the bill to the best of his information and belief. But the bill is not attempted to be verified alone by affidavit, but also, as to several of the most material allegations therein contained, is verified by official copies of deeds and records filed with the bill as evidence, and therein made exhibits. This case is unlike the case of the Chesapeake and Ohio Railread Company vs. Huse et al which was supported by affidavit alone, and the affidavits in the two cases are materially different. Mr. High in his work before cited, in sec. 987 thereof, says; "While the usual course is to grant an injunction only upon a bill duly verified, it would seem that the oath of complainant or other person conversant with the facts may be dispensed with if the confidence of the Court can be otherwise obtained. Thus documentary evidence establishing complainants equities and his right to relief will suffice to warrant the court in granting an injunction, and such evidence may be presented by properly verified copies of private instruments, or of records, when such is the appropriate mode of proof." See also Negro Charles vs. Sherriff etc. 12 Md. 274; Youngblood vs. Schamp. 2 McCart. 42. Taking the affidavit, and other evidence together, I think it would not be proper to reverse the order of the judge granting the injunction, upon appeal. I do not think we should be so strict and exacting in deciding an appeal from an order granting an injuction taken before motion to dissolve is made and overruled as in the case of an appeal taken after an order overruling a motion to disolve an injunction. In the first case the Plaintiff is cut off by the appeal from the privilege of supplying defects in matters of substance or form by amendments, or the production of additional evidence; but in the last case upon a mo-

tion to dissolve, the attention of the Court below and counsel is, or should be, called to defects and deficiencies, whether of form or substance, and an opportunity to a liberal extent is given by the Code and chancery practice to cure by amendment or otherwise as may be proper.

I have some doubts whether the appeal taken in this case reaches the order of the Judge appointing a special receiver. It is objected that the affidavits of non-collusion are insufficient, and that it was error for the Judge to appoint a special receiver without reasonable notice having been first given to the Defendants, or at least to E. L. Gale.

I think the affidavits as to non-collusion are sufficient. It is true as a general rule, though not universal, that notice is or should be required of the time and place of making the application for the appointment of a special receiver. The authorities cited in support of this general rule show that there are recognized exceptions. These exceptions are such cases as that immediate action is or may be necessary to prevent great injury, and especially, when it is not sought to dispossess a party of his own property. In this case I think, from the averments of the bill, and the nature of the property attached, and the relation of much of it to Plaintiff's business, and the kind and extent of its business, that the appointment of the special receiver temporarily, as was done, was not error. I don't think the condition of the bond filed by the Plaintiff, on obtaining the order of injunction, is sufficiently comprehensive. It should have been, in addition to the costs, "and also such damages as shall be incurred in case the injunction is dissolved." But this can be cured or supplied without injury to the Appellants in the Circuit Court. I think the order granting the injunction under the peculiar circumstances of the case, and its great importance, ought not to be reversed for this cause, but that the Appellants or any of

67

them, or any person in interest, should have leave to move to dissolve the injunction, and that the court or judge before whom such motion may be made, ought to dissolve it, unless the plaintiff, or some person for it, enter into bond with good personal security, in such penalty as may be deemed sufficient by such court or judge, with the condition prescribed by the 10th sec. of Chap. 133 of the Code of this State in such cases.

For these reasons, the order granting an injunction appealed from in this cause, is affirmed with costs here in favor of the Appellee—The Oil Run Petroleum Company—against the Appellants, and the cause must be remanded to the Circuit Court of the county of Ritchie, for further proceedings therein to be had, according to the rules of courts of equity in such cases, with leave to the Appellants, or any other party in interest, to move to dissolve the injunction granted in this cause after reasonable notice, unless additional bond and security, in such penalty as the Court or Judge may fix, be given by The Oil Run Petroleum Company, or some person for it, conditioned as prescribed by the 10th sec. of Chap. 133 of the Code in such cases.

HOFFMAN, PAULL and MOORE, Judges, concur in the foregoing opinion.