Rollins, S.
The temporary administrator of this estate, who has been- acting as such since December 20, 1888, asks for an order authorizing and directing him to withdraw from the funds deposited by him in the Union Trust Company, an amount sufficient to pay certain debts and expenses of administration which are specified in his application and in the several schedules thereto attached. In obedience to the directions of the order, by which he was granted letters, notice of this application has been given to the proctors for parties contesting the probate of the paper propounded as this decedent’s will. They oppose the payment of several items of alleged indebtedness which the petitioner asks leave to pay, and have indicated the nature of their opposition by filing written objections.
The Code makes no provision for the trial of such issues as are thus sought to be raised. It provides *188 (§ 2674) that after the lapse of a year from the grant of letters “ the surrogate may, upon the application of the temporary administrator, and upon proof to his satisfaction that the assets exceed the debts, make an order permitting the applicant to pay the whole or any part of a debt due to a creditor of the decedent.” It will be observed that, while the validity of any debt that the applicant may ask leave to discharge is not, by the terms of the section, required to be established to the satisfaction of the surrogate, it is, nevertheless, distinctly provided that, before making the desired order, -that officer must require proof that the total indebtedness of the estate is less than its total assets.
I cannot believe that this apparent discrimination between things required to be proved and things not required, is accidental, and without real and positive significance. Is not this, indeed, the scheme of the fifth article, of which section 2624 forms a part—that a temporary administrator must furnish security for the due performance of his trust, precisely as if he were administrator in chief; that he may then exercise, under certain prescribed limitations, the same authority that could be exercised, by such an administrator ; that his authority to pay debts is subject to this restraint and this alone, that it cannot be made effective until he has demonstrated-to the satisfaction of the surrogate that the value of the total assets left by the decedent is greater than the amount of all his debts; and that when this has been established he will be permitted, as he would, of course, be permitted, were he administrator in chief, to use his own discretion respecting payment of persons claiming to be creditors, subject to such objections as any persons interested may see fit to interpose upon his subsequent accounting?
I am disposed to think that this interpretation of the statute is a true, one, and in any event I am very *189 clear that the surrogate should not, except under special circumstances, withhold, from a temporary administrator the permission to discharge debts whose validity has been attested by the oath of that officer, and which bear no indications of mistake, exorbitance or fraud. For the reasons suggested, upon the argument of this motion, payment of the claim in behalf of the Chemical National Bank may properly be postponed. The other claims to which objection is made amount in all to little more than $5,000. Even if they shall ultimately prove to be baseless, the administrator’s bond will afford ample security for any error he may make in treating them as meritorious.
An order may be entered granting the prayer of his application, with the modification above indicated, and with, the reservation of the right of these contestants to dispute, upon the accounting, any items to which they now object (Stokes v. Dale, 1 Dem. 260).