[S. F. No. 666.   Department Two.—October 8, 1897.]

C. H. LEADBETTER et al., Appellants, v. FRED. W. LAKE
et al., Respondents.

118 515
137 542

APPEAL—JUDGMENT— FINDINGS — PRESUMPTION OF WAIVER. — On an appeal
from the judgment on the judgment-roll alone, all intendments are
in its favor, and error must be affirmatively shown; and where the
record is silent upon the subject, a waiver of findings will be pre-
sumed, and, if not waived, the fact must affirmatively appear by
a bill of exceptions.

ID.—JURY TRIAL—PRESUMPTION OF WAIVER.— Where the judgment recites
that the cause was regularly heard before the court sitting without
a jury, and it nowhere appears in the record that the appellant de-
manded a jury, the presumption is that a jury was waived.

ID.—COSTS—DEFENDANTS JOINTLY SUED.—A joint judgment for costs in favor
of defendants who were jointly sued, but who separately answered,
is proper.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Hillyer & Jacobs, for Appellants.

F. D. Brandon, and Cobb & Loefler, for Respondents.

McFARLAND, J.—Judgment went in the court below for de-
fendants.   Plaintiffs appeal from the judgment, bringing up only
the judgment-roll, which consists of the pleadings and the judg-
ment.   The appellants ask for a reversal upon the ground that
there were no findings, and that findings were not waived.   But
all intendments are in support of a judgment, and he who expects
to reverse it must affirmatively show error.   It has been estab-
lished by a long line of decisions of this court that where the
record is silent upon the subject a waiver of findings will be pre-
sumed.   The fact that findings were not waived must affirmatively
appear by a bill of exceptions, unless the judgment-roll shows it.
(*In re Arguello*, 85 Cal. 151, and cases there cited on page 153.)

Appellants also claim a reversal upon the ground that there was
no jury trial, and that a jury was not waived.   The judgment
shows that the cause "came on regularly to be heard before the
court sitting without a jury," and it nowhere appears that the

plaintiff demanded a jury; and in such a case the presumption is that a jury·was waived. In *Montgomery v. Sayre,* 91 Cal. 211, this court say: "If the question were, did the defendant waive his right to a trial by jury—the record being silent upon the question and the cause having been tried and determined by the court —there would be no difficulty, for the authorities are explicit to the end that such would be the presumption. (*Boston Tunnel Co. v. McKenzie,* 67 Cal. 490." See, also, *Smith v. Brannan,* 13 Cal. 115, 116.)

Appellants also claim a reversal because there was a joint judgment in favor of respondents for costs, while although sued jointly they answered separately—the contention of appellants being that there should have been a separate judgment in favor of each respondent ·for his costs. But in such case there is no error in entering a joint judgment in favor of defendants. (*Myers v. Moulton,* 71 Cal 503.)

The judgment appealed from is affirmed.

·Temple, J., and Henshaw, J., concurred.