# Richmond

LAKE'S ADMINSITRATOR v. PATTIE, ADMINISTRATOR, AND
OTHERS.

March 12, 1914.

Absent, Cardwell, J.

1. EXECUTORS AND ADMINISTRATORS—*Defense of Suit—Counsel Fees.*—
The creditors and distributees of a decedent, as well as his
personal representative, have the right to make defense to
claims asserted against the decedent's estate, and if they fail
to do so, it is the plain duty of the personal representative to
make defense if he has good reason to believe that a' claim
asserted is not a just or legal demand against his decedent's
estate, and he has the right to employ counsel and pay him
out of the estate reasonable fees for his services.

2. EXECUTORS AND ADMINISTRATORS—*Ownership of Personal Estate.*—
The personal representative of a decedent is not a mere stake
holder of decedent's estate, but is the legal owner for the time
being of the personal estate of which the decedent died seized
and possessed.

3. EXECUTORS AND ADMINISTRATORS—*Defense of Suit—Counsel Fees—
Creditor a Distributee.*—The fact that a creditor who asserts
a claim against a decedent's estate and brings a suit to enforce
it is also a distributee does not render it any the less the duty
of the decedent's personal representative to make defense than
if such creditor was not a distributee. The personal repre-
sentative may employ counsel and pay him reasonable fees
out of the estate to defend such claim, and if the claimant's
share of the estate as distributee thereof is thereby lessened
to that extent, he has no cause of complaint, as the services
were rendered to the estate of the decedent and are to be first
paid, no matter who is entitled to the residue, whether cred-
itors or distributees.

4. APPEAL AND ERROR—*Counsel Fees—Remand    to    Ascertain—How
Fixed.*—Where the record in this court is so incomplete that
the court cannot properly pass upon the reasonableness of a

fee allowed to counsel for an administrator by the trial court, it will remand the case to the trial court with directions to ascertain, by reference to one of its commissioners for further proof, or otherwise as it may deem best, what would be a reasonable attorney's fee to be allowed to the attorney of the administrator; and with further direction that in ascertaining the reasonableness of said fee it is not to be governed absolutely by the opinion of attorneys, the charge made by counsel, or the contract of employment, but should exercise its own discretion and fix the amount of the fee with reference to the labor performed, and the skill and care required, and the advantages gained to the decedent's estate by the services rendered.

Appeal from a decree of the Circuit Court of Madison county. From a decree overruling an exception to a commissioner's report, the complainant appeals.

*Affirmed in part and remanded.*

The opinion states the case.

*John S. Barbour* and *J. G. Hiden,* for the appellant.

*Browning & Browning* and *E. H. DeJarnette, Jr.,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court for Madison county, which overruled exceptions to a commissioner's report in which a fee of $3,500 paid by D. M. Pattie, sheriff of Madison county and as such administrator *de bonis non* of R. F. Lake, deceased, to his counsel had been allowed.

The fee in question was excepted to by the appellant as administrator of Mrs. R. V. Lake, deceased, upon three grounds:

"First: Because no part of said fee should be charged against the distributive share of Ann V. Lake, but all should be charged against the distributive share of the heirs at law of R. P. Lake;

"Second: Because so far as the exceptor is concerned he received no benefit from said services;

"Third: Because the fee is exorbitant and excessive under all the circumstances of the case."

This suit, in which the said fee was allowed, was brought by the appellant as administrator of Mrs. Ann V. Lake, deceased, for the purpose of asserting debts claimed to be due his decedent's estate from the estate of her late husband, R. P. Lake, deceased; to subject a fund arising from the sale of an interest in certain real estate conveyed by her husband to Rixey, trustee, to secure certain creditors, including his liabilities to his wife, Mrs. Ann V. Lake, for moneys loaned and suretyship undertaken by her; and if the moneys and choses in action, &c., in the hands of Rixey, trustee, were not sufficient for that purpose, to subject the other assets of her husband's estate to their payment. The bill further asked that in the event the property in the hands of Rixey, trustee, was more than sufficient to pay the liens thereon under the deed of trust to him, the surplus of that fund should be distributed to those entitled thereto, and to that end that all the creditors of R. P. Lake's estate be convened, the assets of his estate marshalled and all of his debts paid; that all proper accounts be taken, an adequate attorney's fee to the appellant's counsel for instituting and conducting the suit be allowed, and for general relief.

The creditors, heirs at law and distributees of R. P. Lake, deceased, known and unknown, were made parties to the suit. Process was served upon the resident defendants, viz., Pattie, administrator of R. P. Lake,

Rixey, trustee, and Bickers, a creditor, and an order of publication made against all the other numerous defendants, known and unknown, as non-residents. So far as the record before this court shows, which is incomplete, none of the defendants appeared except Pattie, administrator of R. P. Lake, who employed counsel and made defense to the claim asserted as creditor by the appellant.

Some nine months after the suit was brought and before any depositions had been taken on either side, a compromise or settlement was effected between the appellant as administrator of Mrs. Lake and Pattie as administrator of R. P. Lake, and a consent decree entered, by which it was provided that the administrator of Mrs. Lake should receive from Rixey, trustee, out of the funds in his hands, the sum of $13,161.32, in full settlement of all his decedent's claims against her husband's estate, except as distributee thereof, and that the residue of the fund in the hands of Rixey, trustee, should be paid Pattie, administrator of R. P. Lake. Out of the sum so received by Pattie, administrator, he was required to pay off and discharge a bond for $5,000 executed by his decedent and Mrs. Lake, and secured on the latter's real estate and payable to Bickers; to pay the costs of administration, including the costs of this suit, any debts properly established against the estate of R. P. Lake, and to distribute the residue among those entitled thereto.

The money and choses in action in the hands of Rixey, trustee, aggregated about $29,000. Out of this sum the appellant received, as before stated, $13,161.32, and his decedent's estate was protected against the $5,000 debt for which it was liable by requiring the administrator to pay it out of the funds which he received from Rixey, trustee, thus leaving in his hands from that source

something over $10,000. The only defense to the large claim, aggregating, principal and interest, to between $50,000 and $60,000, asserted by Mrs. Lake's administrator against her husband's estate was made by his administrator, Pattie, notwithstanding the fact that the creditors and distributees of R. P. Lake were parties to the suit and had the right as well as his personal representative to make defense, 18 Cyc. 574, 575. Since none of them appeared and made defense, it was the plain duty of his personal representative to make defense to the claim asserted by the appellant if he had good reason to believe that it was not a just or legal demand against his decedent's estate. *Tunstall* v. *Pollard,* 11 Leigh (38 Va.) 1; *Smith* v. *Pattie,* 81 Va. 654, 662-3; 18 Cyc. 575.

The personal representative of a decedent's estate is no mere stakeholder, as the appellant insists, but he is the legal owner for the time being of the personal estate of which the decedent died seized and possessed, 18 Cyc. 206-7. The fact that a creditor who asserts a claim against a decedent's estate and brings a suit to enforce it is also a distributee does not render it any the less the duty of the decedent's personal representative to make defense than if such creditor was not a distributee.

The compromise settlement and consent decree by which the claim asserted was reduced in amount by sixty to seventy *per cent.* show that the administrator of R. P. Lake properly defended the suit, and that he would have been derelict in his duty if he had not done so. The consent decree not only shows this, but it also shows that the appellant and the court entering the decree recognized the fact that the personal representative of R. P. Lake, as such, had authority, if acting in good faith (and his good faith is not questioned) to

bind both creditors and distributees by his act. *Boyd's Sureties* v. *Oglesby,* 23 Gratt. (64 Va.) 686-7.

The defense made by the personal representative of R. P. Lake being for the benefit of the estate as such, he was entitled, out of the assets of the estate in his hands, or which came into his hands, to pay the legitimate costs, including a reasonable attorney's fee for making such defense before either creditors or distributees were entitled to receive anything. It is no doubt true, as stated in the appellant's exception No. 2 that he received no benefit from the legal services of the counsel who were paid the fee to the allowance of which he excepts. The fee allowed was for legal services beneficial to the debtor's estate, for just in the proportion that those services lessened the appellant's recovery, in the same proportion it benefited the debtor's estate. It was payable and was paid out of the debtor's estate which it benefited.

The appellant's distributive interest in R. P. Lake's estate was subject to the payment of all legitimate charges for administering it, including costs and counsel fees properly incurred. They were first to be paid, no matter who was entitled to the residue, whether creditors or distributees. The court is of opinion, therefore, that the circuit court did not err in overruling the appellant's exceptions Nos. 1 and 2 to the commissioner's report, and that Pattie, administrator, is entitled to a credit in the settlement of his accounts with his decedent's estate for a reasonable attorney's fee for services rendered in defending his decedent's estate against appellant's demand.

This brings us to a consideration of appellant's exception No. 3, viz., that the fee allowed, $3,500, "is exorbitant and excessive under all the circumstances of the case."

The record before us is incomplete. Neither the answer filed in the cause by Pattie, administrator, nor the amended answer referred to in the deposition of one of his counsel as having been prepared, is before us. The only witnesses who testify in the case as to the value of the services rendered and the reasonableness of the fee paid and excepted to are the two litigants and their counsel. While they are all gentlemen of the highest character, they differ so widely as to both these matters that the court does not feel that it could safely pass upon the question involved upon an incomplete record and such conflicting evidence. The court is therefore of opinion to remand the cause to the circuit court with direction to ascertain, by reference to one of its commissioners for further proof, or otherwise, as it may deem best, what would be a reasonable attorney's fee for the services rendered by the counsel of Pattie, administrator, for his decedent's estate in this case; and with the further direction that in ascertaining the reasonableness of said fee it is not to be governed absolutely by the opinion of attorneys, the charge made by counsel or the contract of employment, but should exercise its own discretion and fix the amount of the fee with reference to the labor performed, the skill and care required and the advantages gained to the decedent's estate by the services rendered.

*Affirmed in part and remanded.*