In the Matter of the Estate of FLOYD S. CORBIN, Deceased. ADELIA M. CORBIN and Another, as Executors, etc., of FLOYD S. CORBIN, Deceased, Appellants; ORA C. GREGORY, Respondent.

First Department, November 1, 1929.

*John J. Crawford,* for the appellant Adelia M. Corbin, execututrix.

*Harold Swain* of counsel [*Robert W. Cromley* with him on the brief], for the appellant Title Guarantee and Trust Company, executor.

*Ira L. Anderson,* for the respondent.

PROSKAUER, J.   Ora C. Gregory asserted against the estate of her brother, Floyd S. Corbin, deceased, a claim based upon an alleged agreement between herself and the decedent that in consideration of the care of their mother by Ora C. Gregory, the decedent would bequeath to Ora C. Gregory an income of $100 a month for the remainder of her life.   There was a contest over the will of Floyd S. Corbin and Adelia M. Corbin was appointed temporary administratrix.   With the permission of the surrogate, pursuant to section 127 of the Surrogate's Court Act, Ora C. Gregory brought upon this claim an action in the Supreme Court against the temporary administratrix.   In December, 1925, a stipulation for the settlement of that action was made between Mrs. Gregory and the temporary administratrix.   It provided:

" It is hereby stipulated and agreed that the above-entitled action be, and the same hereby is, compromised and shall be settled by the payment to the plaintiff of the sum of $10,000 from the estate of Floyd S. Corbin, deceased, and that upon such payment the said action shall be by stipulation discontinued by the parties hereto without costs to either party as against the other.

" Further stipulated that application shall be made to the Surrogate's Court by the parties hereto as promptly as possible for the approval of this settlement."

Thereafter the will was admitted to probate and Adelia M. Corbin and the Title Guarantee and Trust Company qualified as executors.   Mrs. Gregory then petitioned the surrogate for an order directing the executors to submit to the surrogate for approval the settlement made between her and the temporary administratrix.   The executors appeal from an order directing them to make such submission.

The Title Guarantee and Trust Company asserts that it never was a party to the settlement, that the compromise was against the interest of the estate and beyond the power of the temporary administratrix, and that it should not be compelled to petition for the approval of an act which in fact, in the exercise of its trust duties, it disapproves. Adelia M. Corbin, as executrix, makes substantially the same claim, asserting in addition that events occurring since she, as temporary administratrix, entered into the compromise, have convinced her that it was improvident and not for the best interest of the estate.

The first question here presented is whether the temporary administratrix had any power to compromise this claim. Section 129 of the Surrogate's Court Act empowers the surrogate to make an order, upon proof that the assets exceed the debts, " permitting the temporary administrator to pay the whole or any part of a debt * * * or, upon the petition of a creditor, a citation may issue to the temporary administrator, requiring him to show cause why he should not pay the petitioner's debt." Originally there was no provision for trying the validity of claims rejected by the temporary administrator. (*Hamersley's Estate*, 15 Abb. N. C. 187; s. c. *sub nom. Mason* v. *Williams*, 3 Dem. 285.) The function of the temporary administrator was to col ect and preserve the assets of the estate. The new statute afforded to a creditor a means of speedy relief where temporary administration was prolonged, but it did not confer upon the temporary administrator the right to compromise claims. The exercise of such discretion is still vested solely in the executors. The surrogate has the power to impose upon the temporary administrator the duty to defend the estate from the assertion of invalid claims and to direct him to pay debts. We cannot infer from these powers the additional power to fasten a debt upon the estate by the compromise of a claim for breach of contract.

Moreover, even if the temporary administratrix had the power to compromise, there is no statutory warrant for the surrogate's direction to the executors to petition for the approval of the compromise so made by the temporary administratrix. The petitioners rely upon the provisions of section 213 of the Surrogate's Court Act that upon the application of an executor, administrator, guardian or testamentary trustee, the surrogate may for good cause shown authorize the compromising or compounding of any debt, claim or demand. No power to make such application is given to a temporary administratrix. Nor is any power conferred upon the surrogate to compel the making of such application. Section 213

creates a privilege for executors and trustees, not an obligation upon them. The purpose of the section and its antecedent code provisions was to protect executors and trustees prior to their accounting if they choose to seek the approval of the surrogate before consummating a settlement. They may still settle claims without such approval. If so, the settlement may be disapproved by the surrogate upon the accounting. On the other hand, they will be protected if they voluntarily petition for and secure the judicial approval of the surrogate. The surrogate has no authority upon the petition of a claimant to compel executors to petition for the consummation of a settlement which they disapprove.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, and the matter remitted to the Surrogate's Court for further action in accordance with the opinion of this court.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, and proceeding remitted to the Surrogate's Court for further action in accordance with opinion.