# CHARLESTON.

OTA N. ELDER, *Adm'r. etc. v.* DELLA GIBSON *et al.*

(No. 6768)

Submitted October 21, 1930. Decided October 28, 1930.

*Thomas J. Davis,* for appellant.
*S. A. Powell,* for appellees.

HATCHER, JUDGE:

This is an appeal by the administrator of G. G. Gibson, deceased, from the dissolution of an injunction restraining certain actions at law.

The appraisal of the decedent's personal property lists certain chattels, claimed in severalty by some of the heirs. Each of these claims is denied by the other heirs, who would hold the administrator strictly responsible for all the property on the appraisal list. Two sons of the decedent have brought separate suits in detinue for separate chattels, claimed under separate rights. The widow is threatening a suit for other chattels as her separate property. The bill herein sets up these facts and prays for an injunction against proceedings at law, and that the heirs be required to adjust their claims among themselves. The complainant would sustain his bill (1) as one in the nature of an interpleader and (2) as preventing a multiplicity of suits.

For the complainant to maintain a bill of interpleader, it is necessary that he occupy the position of a mere stakeholder for rival claimants. 33 C. J., subject Interpleader, sec. 37; 15 R. C. L., same subject, sec. 3. That is not the status of an administrator. He cannot step "wholly without the controversy," as an interpleader should. 4 Pomeroy Eq. Juris (4th Ed.), sec. 1325. Under the law he is the legal owner himself of all the personal property of his decedent. *Lake* v. *Patie,* 116 Va. 130; 23 C. J. 1172; 11 R. C. L. 152. It is his duty here not to say to the heirs "you fight these demands," but to resist them himself. Code, chapter 85, section 13. That duty is not changed by the fact that the demandants are distributees of

the estate. *Lake* v. *Patie, supra.* Besides, a bill of interpleader should show that the complainant has no remedy at law or that the legal remedy is inadequate for his protection. *Oil Co.* v. *Gale,* 6 W. Va. 525. That situation is not plead here. Judgments in a court of law on the several demands mentioned in the bill will afford complete protection to the complainant, if he defends in good faith. 15 R. C. L., *supra,* sec. 10. Consequently, the bill is not good, as one in the nature of an interpleader.

It is a fundamental proposition of equity that the prevention of a multiplicity of suits, alone, is not a ground of equitable jurisdiction. 1 Pomeroy, *supra,* sec. 250; 21 C. J., subject Equity, sec. 48. To sustain such jurisdiction the multiple suits must present "some common relation, some common interest, or some common question." Pomeroy, *supra,* sec. 251½. "The equity suit" continues that great authority, "must result in a simplification or consolidation of the issues; if, after the numerous parties are joined, there still remain separate issues to be tried between each of them and the single defendant or plaintiff, nothing has been gained by the court of equity's assuming jurisdiction. In such case, 'while the bill has only one number upon the docket and calls itself a single proceeding, it is in reality a bundle of separate suits'." See also *Rummel* v. *Young,* 107 W. Va. 512. Here, each claimant's demand will necessarily depend upon different facts, different contracts or rights, and possibly different witnesses. No common relation, interest or question associates the claimants as such. Therefore in this proceeding, as at law, there would still be "a bundle of separate suits."

It is suggested that the effect of this proceeding is a request for equitable aid in the administration of the estate. A personal representative may have such aid when the affairs of his decedent are "so much involved that he cannot safely administer the estate except under the direction of the court." *Hanna & Lightner* v. *Galford,* 55 W. Va. 160. But the case here presents no such complication; and furnishes no other "distinctive and independent ground of equitable cognizance," now requisite to equity jurisdiction, under our statu-

tory regulation of the administration of estates.  See *Page* v. *Huddleston,* 98 W. Va. 104, 108.

The decree of the circuit court is accordingly affirmed.

*Affirmed.*