[Civ. No. 12438-S.  Second Appellate District, Division One.—April 2, 1940.]

In the Matter of the Estate of RAPHAEL L. DOBKIN, Deceased.  ROSE KLEINBERG, Appellant, v. SAMUEL DOBKIN, Administrator With the Will Annexed, etc., et al., Respondents.

Harry Sherr for Appellant.

Joseph Sokolow and Benjamin, Lieberman & Elmore for Respondents.

YORK, P. J.—This is an appeal by an objecting creditor from an order and decree of final distribution entered after hearing had by the court upon a petition for approval of the final account and for order of distribution, to which

petition the said objecting creditor as a creditor and person interested in the estate interposed objections to the approval of the final account and to a decree being entered in accordance with said petition.

The basis of the objection was that the estate was insolvent and that the petition for final distribution requested the approval of two claims which had been filed in the course of administration by the two sons of decedent by a former marriage, to wit: Rubin Dobkin for $2,055.42 and Lazarus Dobkin for $2,701. These claims were duly verified in the usual form and were based upon an alleged promise of decedent to repay sums of money advanced by said sons to the decedent, which sums, it was alleged, he promised to pay upon the sale of a certain hotel property. This property was not sold during the lifetime of decedent, but was sold in the course of administration of his estate.

The claims were first rejected by the executrix of the said estate, who thereafter resigned and was succeeded by one Samuel Dobkin, as administrator with the will annexed, who in turn filed the final account and report and petition for distribution herein. After the disallowance of the claims by the executrix, suits were filed by the claimants against the said executrix who filed answers therein. Thereafter, the executrix petitioned the court for permission to approve the said claims thus sued upon. Said petition was duly verified and filed and came on regularly for hearing after notice was given as provided by law, and the court on July 28, 1938, granted the same and both claims were thereupon approved. No attack of any kind was made upon said order, no petition for a rehearing was made, and no appeal was ever taken therefrom.

The question now before this court is whether or not, upon the settlement of the final account of the administrator with the will annexed, it was proper for the probate court to order distribution of the estate decreeing the two claimants to be in the same creditor class as the objecting creditors Mrs. Rose Kleinberg and Mrs. Kate Noak, whose claim by reason of the approval of said account was reduced to the sum of $307.83, their original claim having been allowed and approved for the sum of $1340.20. The claim of respondent Rubin Dobkin was reduced to the sum of $472.06, and Lazarus Dobkin's claim was reduced to $620.35, these

sums apparently being based on a *pro rata* distribution of an insolvent estate.

It is the contention of appellant, as it appears from her brief filed herein, that the two creditors' claims should not have been included in the final account and petition for distribution, and that the court's decree approving the same is erroneous and should be reversed. In other words, the sole question for consideration is whether the court had authority to approve the two claims which had been first disallowed and thereafter approved by the court upon petition of the executrix after suit had been filed thereon.

With respect to the objection that the disallowed claims cannot thereafter be allowed in the manner here followed, and that therefore they cannot be approved in the final account, the procedure followed complied with the requirements set forth in the case of *Syler* v. *Katzer*, 12 Cal. (2d) 348 at 350 [84 Pac. (2d) 137, 119 A. L. R. 422]. When the executrix petitioned the court for permission to withdraw her rejections and approve the claims, notice was given as provided by statute, and the order based on this verified petition presenting the facts to the court was properly made.

In the matter of *Faias* v. *Superior Court*, 133 Cal. App. 525 [24 Pac. (2d) 567], a creditor filed a claim in an estate, the executrix took no action thereon and in due time the creditor commenced suit on said claim. While suit was pending the executrix filed a petition in the probate proceedings praying for an order permitting her to compromise the claim for somewhat less than the amount sued for in the action on the claim. This motion was granted. Upon appeal being taken by a person interested in the estate, who had objected to the motion, the court held (p. 528): "The . . . order was in effect no more than an approval of the claim for the reduced amount as agreed upon by the claimant and the administratrix. . . . There is nothing in the law which forbids further consideration by the estate's representative and the court, if the right to recover thereon be not barred by the statute (11 Cal. Jur., Executors and Administrators, sec. 379, p. 661)." Furthermore, section 718.5 of the Probate Code provides that an executrix with the approval of the court may compromise "any claim against the estate or any suit brought against the executor or administrator as such", and to obtain such approval the executor or adminis-

trator may file a verified petition with the clerk showing the advantage of the compromise.

This procedure was followed in the instant case, and even though the claim were not a good claim in itself and the approval of the executrix could not have been given after she had first rejected it, the authority for the court's action in the instant proceeding is directly based upon said section 718.5, *supra*. Although it is probably true that the order which was made approving the claim was not a final order, the time to make it final was at the time of the hearing on the petition for final account and for distribution thereunder. The cases cited by appellant do not cover a situation similar to the one here involved.

■ With respect to the question of the statute of limitations which has been raised, the appellant has disregarded a statement in the claims that the amounts were to be paid upon the sale of the hotel in question, which hotel was not sold prior to the death of the testator, but was sold during course of administration of the estate. There is no merit in this point.

The decree settling final account and for distribution appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1940.