[L. A. No. 18504. In Bank. Dec. 23, 1943.]

Estate of NELIA LUCAS, Deceased. GEORGE FEW, as Administrator, etc., Appellant, v. BEN H. BROWN, as Administrator, etc., Respondent.

Edgar T. Fee for Appellant.

J. H. O'Connor, County Counsel, and Ernest Purdum, Deputy County Counsel, for Respondent.

Arch H. Vernon, Earl E. Johnson, Gilbert E. Harris, O'Melveny & Myers, Overton, Lyman & Plumb and Holbrook & Tarr, as Amici Curiae on behalf of Respondent.

EDMONDS, J.—During the administration of the estate of Nelia Lucas, a suit was commenced to foreclose a mortgage made by her in 1928 as security for a note of $2,500 which, it was alleged, in 1934 had been extended for three years. On behalf of the estate, Ben H. Brown, Public Administrator, demurred to the complaint, pleading the bar of statute of limitations. Later the probate court authorized a compromise of the action for $500. The appeal of George Few, administrator of the estate of Eliza Jacobs, a creditor of the Lucas estate, upon jurisdictional grounds challenges the order of compromise as void.

The note sued upon, by its terms, is in favor of Silvanus J. Reid and was payable in 1931. Its payment was secured by a mortgage upon real property which is the only asset of any value in the Lucas estate. Brown rejected the claim of Reid's executor for the payment of the principal and interest assertedly due upon it. Thereupon Reid sued to foreclose the mortgage, alleging that on May 15, 1934, the time for

payment of the note was extended by agreement for a period of three years from that date. Before a ruling upon Brown's demurrer to this complaint, he presented to the probate court a petition for instructions as to whether to accept an offer of compromise.

By his petition Brown presented the facts concerning the pending action and also showed that he had approved the claim of appellant amounting to $1,208. He also told the court of an opinion given by counsel for the Jacobs estate stating that the Reid suit could be defeated both upon the ground of lack of consideration and the statutes of limitation. This opinion included an offer of assistance in the defense of the action. On the other hand, the attorneys representing the plaintiff in the foreclosure action expressed a willingness to dismiss the suit upon an agreement that Brown sell the real estate described in the mortgage and pay 50 per cent of the net proceeds of the sale in compromise of the asserted debt. However, counsel representing the creditor holding the allowed claim objected to an acceptance of the proposed compromise. Because of these circumstances, the petitioner concluded, he asked the court to instruct him whether to compromise the action upon the terms offered, or other terms more favorable to the estate, or to continue the litigation.

To this petition the appellant filed objections asserting that the suit to foreclose the mortgage was one over which the probate court had no jurisdiction; that the note was barred by the statute of limitations and that the allegation in the foreclosure action pleading an extension of the due date of the note was an insufficient compliance with section 360 of the Code of Civil Procedure and section 2922 of the Civil Code. But when Brown by letter notified the appellant that counsel for the Reid estate offered to accept $500 in settlement of the indebtedness, his attorney replied: "The offer of compromise is fair and to the best interest of all concerned and no doubt the Court will approve the same. It is not my intention to object thereto, only I do not want to be placed in a position whereby . . . [any waiver of right] can be used against my client. . . ."

Six days later, the petition for instructions came on for hearing, and the probate court made its order reciting that a written proposal of the executor of the estate of Silvanus J. Reid, deceased, had been presented offering to accept the sum of $500 in full settlement of his claim against the Lucas

estate upon the note and mortgage and the pending action and to deposit in escrow a release to clear the title of the Lucas estate to the mortgaged premises. "No objection to the said proposal having been made," the court's order continued, "and it having been approved as a fair and proper settlement in open court by" the appellant's attorney, the respondent's petition was granted and he was instructed to make the compromise and to pay $500 through escrow upon the sale of the property or in such other manner as might be agreed upon. No appeal was taken from this order.

Four months later, the respondent filed his first and final account showing the sale of the real estate at its full appraised value and the carrying out of the compromise. The appellant filed written objections to the settlement of the account, contesting the respondent's payment pursuant to the order. According to this pleading, the account discloses upon its face that the claim of Silvanus J. Reid was, at the time of the death of Nelia Lucas, barred by the statute of limitations. Furthermore, it alleges, the mortgage ceased to be a lien upon the real estate after the note was barred by the statute of limitations, and any attempt of the probate court to compromise and settle the foreclosure action brought by the Reid estate was without jurisdiction and void.

At the hearing upon the final account, the court overruled the appellant's objections, and made its order allowing and settling the account of the respondent and, finding the estate insolvent, discharged the administrator from further duties and responsibilities. The appeal is from that order.

Under the provisions of section 2911 of the Civil Code, contends the appellant, the lien of the Reid mortgage was extinguished by the lapse of time within which an action could be brought upon the principal obligation. No allegation appears in the foreclosure action or in any other pleading before the court that an extension of the mortgage was executed in writing as required by section 2922 of the Civil Code. Since, by section 708 of the Probate Code, it is mandatory that the administrator of an estate reject a claim barred by the statute of limitations, not only was it the duty of the respondent to reject the claim and contest the suit based upon the note and mortgage, but also his failure to do so is a fraud upon the court.

Attacking the order instructing the respondent to enter

into the compromise with the executor of the Reid estate, the appellant claims that, under section 718.5 of the Probate Code, the court can only approve a compromise of such claims as are valid and legally enforceable; it therefore had no jurisdiction to approve the compromise of a claim barred by the statute of limitations, and the order instructing the respondent to carry out the Reid compromise was void. The probate court also exceeded its jurisdiction, says the appellant, in making a mandatory direction to the administrator to secure a release of the note and mortgage, to clear title to the premises, and to obtain a dismissal of the foreclosure suit, before any of the adjudicated claims were paid. Furthermore, he asserts, the Reid estate was a third person claiming title to the property of the estate and the probate court has no jurisdiction to adjudicate title under such circumstances. And the appellant insists that the probate court has no power to authorize the compromise of the adverse claims of a third party, much less a suit in equity.

The appellant cites *Estate of Dobkin*, 38 Cal.App.2d 276 [100 P.2d 1091], as authority for his position that the order approving the compromise was not a final one and that it became so only at the time of the hearing on the final account and petition for distribution. In reliance upon this decision, he says, he did not appeal from the order approving the compromise but properly waited until the hearing upon the final account to contest the compromise. In addition, he claims that the order approving and settling the final account of the respondent is defective in that there are neither written findings upon the issues of fact raised by his objections to the final account, nor is there a written decision of the court upon them, as required by section 632 of the Code of Civil Procedure and sections 1221 and 1230 of the Probate Code.

Answering these contentions, the respondent asserts that an order instructing or directing an executor or administrator is appealable under section 1240 of the Probate Code. And, since no appeal was taken from the order directing him to pay $500 by way of compromise of the Reid claim, it has become final and is res judicata. The administrator was required to obey it and cannot now be personally charged with this amount on the theory that the order of the court was wrong. Each proceeding in probate is separate and distinct, and an attack in a later proceeding upon a decree

or order made final in an earlier one is collateral in character; thus, in the present case, the appellant's effort to overturn the ruling of the probate court approving the final account of the administrator is a collateral attack upon the order authorizing the payment of the amount agreed upon in the Reid compromise. And on collateral attack, the order granting his petition for instructions is entitled to every presumption in favor of its validity.

But even if the appellant were in a position to challenge the order upon the merits, he urges, there is no basis for questioning the court's action approving the compromise. The amount claimed was practically ten times that paid in settlement of the compromise. The costs and attorney's fees to be paid by the estate would be large if the foreclosure action were to be defended, and because of the possible applicability of mortgage moratorium laws enacted in 1935, 1937 and 1939, only by a decision of this court would it have been finally determined whether the suit upon the note and mortgage was barred by the statute of limitations. And even if the respondent would have been successful in defeating the foreclosure suit, he could not have quieted the estate's title to the real estate, in order to establish a marketable title, without paying the debt. Furthermore, he says, the interested parties are estates, and the court was justified in approving an arrangement which would take into consideration the best interests of all.

Specifically answering the appellant's claim that the order instructing the respondent to enter into the compromise was void because in violation of section 708 of the Probate Code, the respondent contends that the order did not approve a compromise of a claim barred by the statute of limitations, but merely authorized the compromise of a controversy as to whether the statute barred a pending lawsuit. In addition, since section 588, authorizing an executor or administrator to petition for instructions as to the administration of the estate he represents, and section 718.5, authorizing him, with the approval of the court, to compromise "any claim against the estate or any suit brought against the executor or administrator as such, by the transfer of specific assets of the estate or otherwise", were enacted subsequent to the adoption of section 708, in the event of inconsistency, the later statutes must prevail. And, obviously, the words "any claim" and "any suit" are all inclusive.

Furthermore, the purpose of a compromise is to avoid the time, expense and uncertainties of litigation involved in determining the merits of a legal controversy; if the merits of the controversy must be determined before a compromise is permitted, there is nothing left to compromise.

In any event, the respondent says, the appellant is estopped from objecting to the payment of the $500 to the Reid estate. For by his conduct, the appellant led the administrator to believe that his original objections to the proposal had been withdrawn and that there would be no further question made as to the propriety of the compromise. Under these circumstances, to require the respondent personally to refund the $500 would be manifestly unjust. And since the decree approving the final account was set out at length in the minute book as required by section 1221 of the Probate Code, it is sufficient as to form.

Section 1240 of the Probate Code provides that "An appeal may be taken to the supreme court from an order' . . . instructing or directing an executor or administrator; directing or allowing the payment of a debt, claim, legacy or attorney's fee. . . ." The respondent's petition for instructions was made under the authority of two sections of the Probate Code. Section 588 reads: "In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof." Section 718.5 of the Probate Code provides that ". . . the executor or administrator, with the approval of the court, may compromise, compound or settle any claim against the estate or any suit brought against the executor or administrator as such, by the transfer of specific assets of the estate or otherwise. To obtain such approval, the executor or administrator shall file a verified petition with the clerk showing the advantage of the compromise, composition or settlement." Each section makes the same requirement for notice of the hearing.

The respondent, being in doubt as to the advisability of entering into the proposed compromise with the executor of the Reid estate, sought the assistance of the court in determining the question, since, in any event, no compromise could be effected under section 718.5, *supra,* without the

court's approval. Also incorporated in his verified petition were allegations bearing upon the advantage of the estate of the proposed compromise, as required by that statute.

 Insofar as the court under the authority of section 588, *supra,* directed him to make the compromise, the order was appealable under section 1240, *supra.* And with respect to the power of the court to approve the proposed compromise under section 718.5, *supra,* an order made pursuant thereto is appealable either as an order "instructing or directing an executor or administrator"[1] or as one "directing or allowing the payment of a debt" or claim. Although *Estate of Dobkin, supra,* contains language to the contrary, it was unnecessary to the decision and is disapproved.

The judgment roll shows that due notice of the petition for instructions was given. In addition, the appellant's knowledge of the petition is shown, first, by the filing of his written "Objections to Allowance of Petition to Compromise Action," and also by the recital in the order granting the petition for instructions, that "no objection to said proposal having been made, and it having been approved as a fair and proper settlement in open court by" counsel for the appellant, at the hearing upon the amended offer of compromise. As no appeal was taken from the order instructing the respondent to enter into the compromise, within the time allowed by law, it became final and the appellant's written objections to the settlement of the first and final account must be considered in the nature of a collateral attack upon the prior decree. (*Security-First National Bank* v. *Superior Court,* 1 Cal.2d 749, 755 [37 P.2d 69]; *Estate of Keet,* 15 Cal.2d 328, 333 [100 P.2d 1045].)

In order to succeed, therefore, the appellant must establish that the order directing the administrator to compromise the claim was not merely erroneous, but was void. Such a position is necessarily predicated upon the theory that the probate court had no jurisdiction to authorize the compromise of a claim or suit such as that contemplated by the order.

 At common law, an executor or administrator had the power to settle or compromise claims for or against the estate,

---

[1] It should be noted that both sections 588 and 718.5 of the Probate Code require the filing of petitions by the executor or administrator and the giving of notice under section 1200 of the Probate Code.

and the settlement or compromise could be set aside only upon proof of bad faith or fraud. This power, as a general rule, still is uniformly recognized, and extends to the compromise or settlement of even doubtful claims against the estate. (*Matter of Leopold,* 259 N.Y. 274 [181 N.E. 570, 85 A.L.R. 197]; *Scully* v. *McGrath,* 201 N.Y. 61 [94 N.E. 195]; *Heisler* v. *Sharp,* 44 N.J.Eq. 167 [14 A. 624]; *Rogers* v. *Hand,* 39 N.J.Eq. 270; *Meeker* v. *Vanderveer,* 15 N.J.L. 392; *Bidwell* v. *Beckwith,* 86 Conn. 462 [85 A. 682]; *Scott* v. *Crider,* 217 Mo.App. 1 [272 S.W. 1010]; *Todd* v. *Terry,* 26 Mo. App. 598; *Home Mixture Guano Co.* v. *Woolfolk,* 148 Ga. 567 [97 S.E. 637]; *Fender* v. *Phillips,* 59 Ind.App. 85 [108 N.E. 971]; *Simes* v. *Ward,* 78 N.H. 533 [103 A. 310]; and see note, 85 A.L.R. 199-204; 21 Am.Jur., Executors and Administrators, sec. 301, p. 552.) Accordingly, a representative who acts in good faith for the best interests of the estate, in compromising a claim against it, will not, in the settlement of his accounts, be denied credit for the amount so paid. (*Fender* v. *Phillips, supra; Lake* v. *Pattie,* 116 Va. 130 [81 S.E. 78]; *Badders* v. *O'Brien,* 114 Md. 451 [79 A. 917]; *In re Baruth,* 62 Misc. 596 [116 N.Y.S. 1125]; *In re Wagner,* 40 Misc. 490 [82 N.Y.S. 797]; *Newell* v. *West,* 149 Mass. 520 [21 N.E. 954]; *Heisler* v. *Sharp, supra; Rogers* v. *Hand, supra; Meeker* v. *Vanderveer, supra; Bruner's Appeal,* 57 Pa. 46; see note, 85 A.L.R. 199, 202, 203.) In one case, for example, it was held that executors who compromise a claim in good faith, and from a reasonable fear that the litigation may go against them, or that their success therein may prove more costly than a partial surrender, are entitled to credit for the sum paid even though it be subsequently shown that the claim had no foundation. (*In re Baruth, supra.*) And when the representative secures the probate court's approval of compromise, he is protected from subsequent liability on any possible charge that the claim was invalid or the settlement imprudent. (*Matter of Leopold, supra,* p. 277; *In re Corbin Estate,* 227 App.Div. 87 [236 N.Y.S. 653]; see note, 85 A.L.R. 199, 202.)

In some states, including California, statutes have been enacted which restrict this common-law power by subjecting the representative's action to court approval. (Prob. Code, secs. 578, 718.5; see note 85 A.L.R. 199, 202; 21 Am. Jur., Executors and Administrators, sec. 301, pp. 552, 553.) It is generally held, however, that such statutes neither en-

large nor abrogate the common-law power of the executors and administrators to enter into a compromise or settlement, but merely afford· them additional protection from liability. (21 Am.Jur., Executors and Administrators, sec. 301, n. 4, p. 553; and see note 85 A.L.R. 199, 202; *Moulton* v. *Holmes,* 57 Cal. 337, 343, 344; *Taylor* v. *Sanson,* 24 Cal.App. 515, 517, 518 [141 P. 1060]; 11B Cal.Jur., Executors and Administrators, sec. 876.) ■ Nothing in the language of section 718.5, *supra,* is restrictive of the type of claim or suit which a representative may "compromise, compound, or settle"; on the contrary, as contended by the respondent, the power expressly extends, without qualification, to "any claim" and "any suit" against the estate or its representative. The only prerequisite necessary for the securing of the order of approval, is the requirement that there be some showing by the respondent of the advantage to the estate resulting from the compromise. ■ Of course, if an order approving a compromise is obtained by fraud, relief therefrom may be had in equity. (*Estate of Ross,* 180 Cal. 651 [182 P. 752]; *McPike* v. *Superior Court,* 220 Cal. 254, 259 [30 P.2d 17]; see 11B Cal.Jur., Executors and Administrators, sec. 275, p. 291.) And bad faith is shown where the claim which is the subject of the compromise is wholly without foundation and known by the personal representative to be so. (See *McPike* v. *Superior Court, supra,* at p. 259.)

■ Although from what appears in the record, it may not reasonably be denied that a sufficient showing of advantage to the estate of the compromise was made to the probate court upon the petition for instructions, any inquiry into that question was concluded by the failure to appeal from the order granting the petition for instructions and approving the compromise. ■ And nothing in the record before the court justifies a charge that the respondent or his counsel acted at any time in bad faith or in fraud of the court. On the contrary, his petition for instructions shows his own doubt as to advantage of the compromise as the reason for invoking the aid of the probate court, under section 588, *supra,* to decide that question for him. And the probate court in instructing him to settle the litigation, under section 588, at the same time gave its approval of the compromise as required by section 718.5, *supra.*

■ But the appellant asserts that section 708 of the Pro-

bate Code, in providing that "no claim which is barred by the statute of limitations shall be allowed or approved by the executor or administrator, or by the judge" qualifies the power to compromise under section 718.5, *supra*. Section 708, however, is merely a specific application of the rule requiring the personal representative and the probate court to protect the estate against unlawful claims. (See cases collected in 11A Cal.Jur., Executors and Administrators, secs. 558, 559, 564.) Obviously where the claim, as presented, is admittedly and on its face barred by the statute of limitations, neither the representative nor the court may approve or allow it as a valid claim against the estate. (*Fontana Land Co.* v. *Laughlin,* 199 Cal. 625 [250 P. 669, 48 A. L.R. 1308]; *Estate of Cates,* 195 Cal. 319 [232 P. 972]; *Estate of Aldersley,* 174 Cal. 366 [163 P. 206]; *Reay* v. *Heazelton,* 128 Cal. 335 [60 P. 977]; *Etchas* v. *Orena,* 127 Cal. 588 [60 P. 45]; *Vrooman* v. *Li Po Tai,* 113 Cal. 302 [45 P. 470]; *Boyce* v. *Fisk,* 110 Cal. 107 [42 P. 473]; *Jacobson* v. *Mead,* 12 Cal.App.2d 75 [55 P2d 285, 1267].) ▮ However, when additional facts are brought to the attention of the executor or administrator, or to the court, as for example, by the complaint to foreclose the Reid mortgage, which raise serious doubts as to the applicability of the statute, a different question is presented. If, considering those facts, the rights of the respective parties cannot be conclusively determined without litigation, the representative, if acting in good faith and for the best interests of the estate, is entitled to enter into a compromise with the claimant. To hold otherwise not only would require the interpolation in section 718.5 of restrictive words not used by the Legislature,[1] but it also to a great degree would nullify the practical utility and purpose of the power to compromise were section 708 construed so as to require every claim in which the bar of the statute by any possibility might arise to be finally adjudicated before a compromise could be effected. In addition, so restrictive a construction of section 718.5 would deprive the representative of an estate of the right to act as a prudent business man

[1]In this regard, it should also be noted that section 718.5 of the Probate Code was enacted subsequent to the adoption of section 708 of that code, making applicable the rule of construction that, in the event of irreconcilable inconsistencies between two statutes, the one most recently enacted should prevail.

would under the same circumstances. For by ordinary business principles, a compromise or settlement may be much more advantageous than costly litigation over a doubtful issue of fact or question of law. ■ And in the settlement of estates, a prompt distribution of the assets to those entitled to them should be a primary consideration. The sole question, therefore, when the approval of a compromise is sought under section 718.5, *supra*, should be whether the settlement is advantageous to the estate, and this is the only requirement expressly included in the language of the statute.

■ At the hearing upon the petition for approval of a compromise, any interested party may present such a question as the possible or probable bar by the statute of limitations of the claim sought to be compromised. Such a position, if sustained by law or evidence, obviously would be relevant to any inquiry as to the advantage to be gained by compromise. But, even though the court may be convinced that the claim is barred, additional facts may appear, as they do in the present case, where the estate may benefit by paying something on the claim as consideration for its satisfaction. Thus, the fact that the estate could not quiet title to the real estate without paying the debt, even though the claimant in turn could not successfully foreclose the mortgage (see *Boyce* v. *Fisk,* *supra,* p. 113; *Howell* v. *Dowling,* 52 Cal.App.2d 487, 496 [126 P.2d 630]), would make it desirable for the estate to effect some sort of a compromise with him. In addition, the amount of attorney's fees which the estate would have incurred, were the foreclosure action to be contested, reasonably should enter into the computation of an amount for which it would be advisable for the estate to effect a compromise. The best interest of the estate, under the facts presented, is the criterion upon which the probate court's decision must be based, and in the event of a ruling adverse to the objector, he may appeal from the order approving the compromise. (See *Guardianship of Carlon,* 43 Cal.App.2d 204 [110 P.2d 488].) ■ But when the time for appeal has passed, as in the present case, the advantage of the compromise approved is no longer open to judicial examination.

■ The appellant also contends that the order granting the petition for instructions was fatally defective because it

468

contained a mandatory direction to the administrator to carry out the compromise. The case of *McPike* v. *Superior Court, supra,* relied upon by the appellant in support of this position, does not compel such a conclusion, however. In that case, this court merely held that, under section 578 of the Probate Code, the probate court has power only to approve a compromise and has no authority to compel its execution by the representative of the estate. That portion of the order directing the respondent to enter into the compromise here challenged, it should. be noted, properly was made with reference to the petition for instructions under section 588, *supra,* and not as an exercise of the court's power to approve a compromise under section 718.5, *supra.*

The appellant's further contention that, by the order instructing the respondent to enter into the compromise and approving it, the probate court was unlawfully adjudicating the claim of a third person to property of the estate, is specifically answered by the case of *McPike* v. *Superior Court, supra.* As there stated (p. 257), "The probate court has the power to authorize the compromise of an adverse claim of a third party to the property of an estate."

Considering the appellant's criticism of the form of the probate court's determination approving the final account, for the reasons stated, his objections to the allowance of the $500 item presented no justiciable issue of fact upon the question of the statute of limitations requiring a finding.

And the form of the order settling the account is not subject to attack for the decree was "entered at length in the minute-book of the court." (Prob. Code, sec. 1221.)

The order is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Traynor, J., concurred.

SCHAUER, J.—I concur in the judgment, and in the opinion generally, but feel that a further answer should be made to appellant's contention that "the order approving and settling the final account of the respondent is defective in that there are . . . [no] findings upon the issues of fact raised by his objections to the final account." Issues of fact as to the bona fides of the mortgage claim, the asserted extension of the mortgage, the compromise of the claim, and the conduct of the county counsel, etc., were raised by such objections and were tried by the court without a jury, and therefore .

findings of fact were required unless waived by the parties. (See Prob. Code, sec. 1230; Code Civ. Proc., sec. 632; *Estate of Dodds* (1942), 52 Cal.App.2d 287, 288 [126 P.2d 150].)

This appeal was initially taken upon the judgment roll alone. The record has since been augmented by the filing, upon stipulation of the parties, of what is designated "Clerk's Supplemental Transcript." Such supplemental transcript does not purport to be a complete transcript of the proceedings in the case and, in fact, is limited to matters specifically enumerated in the stipulation for the filing thereof. Therefore, for the purposes of the question which we are considering, the effect is the same as though the appeal were upon the judgment roll alone. There is in the record no affirmative showing as to whether findings were or were not waived. Under such circumstances we must presume that they were waived. It was stated in *Carpenter* v. *Pacific Mut. Life Ins. Co.* (1937), 10 Cal.2d 307, 326 [74 P.2d 761], "From an early date it has been held in this state that on a judgment roll appeal the mere nonappearance of findings where required by statute does not necessarily establish error. . . . Where findings do not appear, and are required [,] on a judgment roll appeal it will be conclusively presumed, in the absence of a proper record showing the contrary, in support of the judgment, that such requirement was waived." (See, also, *Leadbetter* v. *Lake* (1897), 118 Cal. 515 [50 P. 686]; *Bank of Italy* v. *Bettencourt* (1932), 214 Cal. 571, 575 [7 P.2d 174].)

Carter, J., concurred.