[Civ. No. 15523.  First Dist., Div. Two.  July 3, 1953.]

Estate of PETER WILLIAM NICHOLAS WIEBOLDT, Deceased.  WALTER BIRNBAUM, as Guardian, etc., Appellant, v. MARIE WIEBOLDT RONNIGER, Individually and as Administratrix With Will Annexed, etc., Respondent.

Abraham Setzer for Appellant.

Gordon W. Mallatratt, Arthur F. Edwards and Howard I. Paulson for Respondent.

NOURSE, P. J.—The appeal is taken from an order authorizing the administratrix of the estate of Peter Wieboldt to compromise two civil actions brought by the administrator of the estate of Tillie Wieboldt, the predeceased wife of Peter. The subject matter of the first action was a piece of real estate and residence transferred by gift deed to Peter by Tillie. The second action sought to impose a community interest in the funeral parlors owned and operated by Peter. At the time set for the hearing of the petition counsel for appellant appeared and was accorded a full and fair hearing. It was shown that the proposed compromise was highly satisfactory to the estate of Peter and to all parties interested therein. The compromise was thereupon approved.

The grounds raised for a reversal are highly technical. First, it is argued that the petition was insufficient under section 718.5 of the Probate Code since it did not allege that the proposed compromise was advantageous to the estate, citing *Estate of Lucas*, 23 Cal.2d 454 [144 P.2d 340]. ■ The really pertinent portion of that opinion is the following language (p. 465) : "The only prerequisite necessary for the securing of the order of approval, is the requirement that there be some showing by the respondent of the advantage to the estate resulting from the compromise."

The point was here raised on a demurrer to the petition. The court suggested a doubt whether that was proper procedure. However a full hearing was permitted on the facts where it was shown that the proposed compromise was advantageous to the estate and to the minors represented by appellant. ■ Technical defects in a petition or complaint may be disregarded on appeal when the facts proved show no prejudice to the appellant.

■ Criticisms of remarks of the trial judge relating to matters of procedure are ineffective where the record discloses that appellant was given every reasonable consideration in the presentation of his opposition. This is particularly so where, as here, appellant advanced no claim that the proposed compromise was not advantageous to the estate, and to his clients as well, and makes no claim now that his clients will not benefit substantially by the compromise.

The appellant complains at length that he was not permitted to extensively cross-examine the administratrix of Peter's estate to show the "mismanagement" of the funeral parlors. This had nothing to do with the proposed compromise since the entire interest in the funeral parlors went to Peter's estate. His criticism of her failure to produce a final accounting as guardian of Peter, the incompetent, is likewise frivolous.

On the whole record it appears that appellant was given a full opportunity to present every pertinent fact in opposition to the proposed compromise and that he was not prejudiced by any of the rulings now criticized.

Order affirmed with costs to respondent.

Dooling, J., and McComb, J.,* concurred.

*Assigned by Chairman of Judicial Council.